———o———

STATE to use of JUNIUS McCRACKEN, Appellant, *vs.* A. G. BLACKMAN, Respondent.

1. *Attachment bond—Suit on traveling expenses—Attorney's fees, etc.*—In suit on an attachment bond, where the petition contains only a general allegation that plaintiff has been injured and has sustained damages in a specified amount, plaintiff cannot recover for expenses incurred in traveling to the place of trial or for Attorney's fees.

*Appeal from Stone Circuit Court.*

*E. G. Mitchell,* for Appellant.

If the bond sued on is not a good statutory one, yet it is a good voluntary and common law bond, and the respondent will not be permitted to complain. (State to the use, etc., vs. Berry, 12 Mo., 376; 7 Mo., 458; Barnes vs. Webster 16, Mo., 258.)

The breach is well assigned, (12 Mo., 376; Barnes vs. Webster, 16 Mo., 258.)

The evidence excluded was competent under the pleadings.

(Hayden & Smith vs. Sample, 10 Mo., 215 ; State to the use of Poe vs. Thomas, 19 Mo., 613.)

The court will grant any relief consistent with the facts stated (Northcraft vs. Martin, 28 Mo., 469.)

But appellant insists that a proper judgment is prayed for. (1 W. S., 22, § 8.)

*Mack & Wright*, for Respondent.

The Statute (W. S., 182, § 7,) and the bond contemplate only damages and costs, which accrue by reason *of the attachment*. If the damages and costs turn upon the defense to the *cause* of action, then they are not recoverable on the attachment bond.

EWING, Judge, delivered the opinion of the court.

This is a suit on an attachment bond, commenced in the Circuit Court of Greene county and taken by change of venue to the Circuit Court of Stone county. The petition, which is in the usual form, sets out by proper averments the attachment bond with its conditions, and assigns as a breach thereof that the defendant failed to prosecute said suit with effect, but that he voluntarily dismissed the same. Then follows the averment that by means of the premises and breach of the bond as aforesaid, the plaintiff has been injured and has sustained damages in the sum of four thousand dollars. The answer admits all the material allegations of the petition, except the levy of the attachment on the goods, chattels and real estate of plaintiff. On the trial, which was by a jury, plaintiff read in evidence the answer of defendant, also the return of the Sheriff, showing a levy of the writ of attachment in the suit of McCracken against Blackman and others, on the real estate of James Blackman, the plaintiff in this suit.

The plaintiff then offered to prove by C. B. McAffee, an Attorney at Law, that he, plaintiff, had paid him seventy-five dollars as a fee in the defense of said attachment suit, and that it was necessary for the Relator to defend said suit and employ an Attorney for that purpose, and that the fee

paid was reasonable.   This evidence was excluded on the objection of defendant, for the reason that there were no aver ments in the petition under which the evidence would be admissible; to which exceptions were saved.   The plaintiff next offered to prove that he had expended a certain sum of money in traveling from the State of Texas, in the necessary defense of said suit, which was excluded on the ground before stated, to which defendant excepted.   Plaintiff thereupon took a non-suit and filed motion to set it aside, which having been overruled, he brings the cause to this court by appeal.

The only question presented by the record is, whether the evidence offered and excluded was admissible under the averments of the petition?   There is only a general allegation that plaintiff has been injured and has sustained damages in the sum of four thousand dollars.

Damages are either general or special.   General damages are such as the law *implies* or presumes to have accrued from the wrong complained of.   Special damages are such as really took place and are not implied by law.   But when the law does not necessarily imply that the plaintiff sustained damage by the act complained of, it is essential that the resulting damage should be shown with particularity in order to prevent the surprise to the defendant, which might otherwise ensue on the trial.   (1 Chitty Pleading, 396.)

The evidence offered by plaintiff was clearly inadmissible and was properly excluded.

From the nature of the breach assigned, and the wrong complained of, the defendants could not reasonably anticipate that they would be required to respond to plaintiff for expenses he had incurred, in traveling, from a distant State to the place of trial or for fees paid to Attorneys.

These are *special damages* for which he did not declare, and which he was very properly not permitted to prove.

The judgment of the Circuit Court is affirmed.   The other judges concur.