## MELLOR v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

### IN BANC.

1. **Railroad: NEGLIGENCE : POSTAL AGENT : PASSENGER.** A United States postal agent riding on a railroad train in the discharge of his duties, under a contract between the government and the company, occupies the position of a passenger with respect to the company's liability for its negligence.

2. **Witness: PHYSICIAN : PRACTICE.** A patient who calls his physician to testify does not thereby waive his right to object to other physicians, who have treated him, testifying on the same subject.

Mellor v. The Mo. Pac. Ry. Co.

3.   **Personal Injury** : VERDICT : DAMAGES.  A verdict for $6,050 in a personal injury case is not excessive, where plaintiff was earning $1,150 a year and had expended $400 for medical treatment, and was in part paralyzed by reason of the injury.

4.   ——— : DAMAGES : INSTRUCTION : WAIVER.  Where, in an action against a railroad for personal injuries, plaintiff introduces testimony as to loss of earnings without objection, it is not error to instruct that the jury may award damages for such loss, although there is no special averment in the petition claiming the same.

*Appeal from St. Louis City Circuit Court.*—Hon. L. B. VALLIANT, Judge.

AFFIRMED.

*Bennett Pike* and *H. G. Herbel* for appellant.

(1)  The court erred in excluding competent evidence offered by defendant, viz. :   That of Dr. Scott as to plaintiff's condition while in his charge.  *Edington v. Ins. Co.*, 77 N. Y. 568 ; *Groll v. Tower*, 85 Mo. 250 ; *McKinney v. Railroad*, 104 N. Y. 352 ; *Ex parte Marmaduke*, 91 Mo. 254 ; *Greenleaf v. Birth*, 5 Pet. 137 ; *Pinkham v. Cockrell*, 43 N. W. Rep. 921 ; *Railroad v. Huntley*, 38 Mich. 537 ; *Brown v. Ins. Co.*, 32 N. W. Rep. 610 ; *Hunt v. Blackburn*, 128 U. S. 464.   (2)  The court erred in refusing defendant's instructions for a nonsuit.   *Price v. Railroad*, 113 U. S. 221 ; *United States v. Tingey*, 5 Pet. 115 ; *Wiggins v. Burkham*, 10 Wall. 122 ; *Williams v. Pullman Co.*, 33 Am. & Eng. R. R. Cases, 414 ; *Railroad v. Roy*, 102 U. S. 457 ; *Bank v. Express Co.*, 93 U. S. 174 ; *Snow v. Railroad*, 136 Mass. 552 ; *Higgins v. Railroad*, 36 Mo. 432.   (3)  The court erred in giving illegal instructions for plaintiff and of its own motion, and in refusing legal instructions asked by defendant.   *Railroad v. Brown*, 123 Ill. 186 ; *Railroad v. Canman*, 13 S. W. Rep. 280 ; *O'Leary v. Rowan*, 31 Mo. 119.   (4)  The verdict is excessive, and the court erred in overruling defendant's motion for a new trial.   *Sawyer v. Railroad*, 37 Mo. 264.

*A. R. Taylor* for respondent.

(1) Dr. Scott was incompetent to testify to any facts as to the condition of plaintiff, which he obtained in the relation of physician, in order to enable him to prescribe for plaintiff. And Dr. Scott testified that all the information as to plaintiff's injury was obtained in that relation, and for said purpose. The court, therefore, properly excluded the evidence on plaintiff's objection. *Groll v. Tower*, 85 Mo. 254 ; *Gartside v. Ins. Co.*, 76 Mo. 446. (2) The authorities cited for appellant entirely fail to sustain the contention that Dr. Scott was made competent because respondent introduced another and different witness as to the injury. (3) There is no merit in the contention that the evidence failed to show that plaintiff was a passenger. The evidence showed that he was in the employment of the United States as a mail agent, and was paid by the government for his services. This constituted him a passenger under Missouri decisions. *Lemon v. Chanslor*, 68 Mo. 340 ; *Graham v. Railroad*, 66 Mo. 536 ; *Tibby v. Railroad*, 82 Mo. 300 ; *Carroll v. Railroad*, 88 Mo. 239. A mail agent in charge of United States mail is a passenger. *Railroad v. Seybolt*, 18 Am. & Eng. R. R. Cases, 162 (N. Y. court of appeals). And, in case of collision, carrier is *prima facie* liable. *Railroad v. Timmons*, 40 Am. & Eng. R. R. Cases, 703 ; *Hipsley v. Railroad*, 27 Am. & Eng. R. R. Cases, 289 ; *Railroad v. Pollard*, 22 Wallace, 341 ; *Railroad v. Napheys*, 1 Am. & Eng. R. R. Cases, 52 ; *Railroad v. Mowrey*, 3 Am. & Eng. R. R. Cases, 361 ; *Graham v. Railroad*, 34 Am. & Eng. R. R. Cases, 397. The case cited by appellant ( *Price v. Railroad*, 113 U. S. 221 ) has not the slightest relevancy, though, until examined, it seemed to be in point. (4) The petition alleges that the plaintiff was "permanently crippled, disfigured and disabled" by his injury ; under this averment he was entitled to damages for loss of earnings. The prayer is for damages for all the alleged injuries,

and is in the usual form. There is another and complete answer to this complaint. The evidence of loss of earnings was admitted without objection. Where the evidence varies from the allegations of the petition the objection to the evidence must be made, and if the court admits the evidence, there must, to save the point, be an affidavit of surprise. *Turner v. Railroad*, 51 Mo. 503 ; *Shelton v. Durham*, 70 Mo. 438 ; *Wells v. Sharp*, 57 Mo. 57 ; *Fischer v. Max*, 49 Mo. 405. Still another answer is that such objections are cured by the verdict, as has been repeatedly held. *Reville v. Railroad*, 74 Mo. 441 ; *Garth v. Caldwell*, 72 Mo. 626.

Thomas, J.—This cause came to the court *in banc* from division number 1. Barclay, J., made a statement of the case and delivered the opinion in that division, which statement and opinion are as follows :

"Plaintiff's action is for personal injuries sustained on one of defendant's trains. He was a clerk in the employ of the United States at the time, and, as such, in charge of mail matter in a postal car forming part of a passenger train on defendant's railway. The mail was carried by defendant under a contract with the federal authorities. The accident occurred near Pleasant Hill, Missouri, November 27, 1886. It will not be necessary to state the pleadings in full.

"No point is made as to the sufficiency of the petition, except in the particular discussed in the opinion.

"Plaintiff's evidence tended to show (in addition to the facts above stated) that he was attending to his routine duties in the mail car when the train of which it formed a part, moving westward at the rate of some thirty miles an hour, collided with a freight train going eastward. Plaintiff was struck by heavy timbers, and pinioned fast amid the wreck. He was afterwards extricated, and found to be seriously hurt. The evidence regarding the extent of his injuries appears more fully

in the opinion.    It seems that plaintiff, after the accident, was first attended professionally by Dr. Scott for several months.    Then he made a change of physicians, Dr. Glancie taking charge of his case.    Plaintiff introduced the latter as a witness, to prove the nature and extent of his injuries.    When the defense was reached, Dr. Scott was offered as a witness, but, after a brief examination, from which it appeared that his knowledge of plaintiff's condition was derived while attending him in a professional character as physician, the court ( on plaintiff's objection ) excluded any disclosures by him of the information so obtained, to which ruling defendant duly excepted.

"The testimony of defendant was wholly directed at the issue of plaintiff's damages, and tended to contradict that offered on his behalf regarding the extent and permanency of his injuries.

"The jury returned a verdict for plaintiff for $6,050, upon which judgment was entered.    After the proper motions and exceptions, defendant appealed.

"On the measure of damages, the court instructed the jury as follows :

"'If you find for the plaintiff, you should assess his damages at such a sum as you may believe, from all the evidence, will be a fair compensation to him for any pain of body or mind, for any loss of earnings, for any expenses necessarily incurred for medical attention, and for any permanent physical disability ( if any or either or all such ) which you may believe from the evidence the plaintiff has sustained, or will hereafter sustain, by reason of his said injuries, and which you may find from the evidence to have been directly caused by the collision mentioned in the evidence.    If you have a sympathy or prejudice in favor of or against either party, you should not allow it to influence you at all in your verdict, but in your verdict you should be guided alone by the evidence and the instructions given you by the court.'

"I. That plaintiff was riding upon defendant's train, by virtue of some contract or arrangement between defendant and the federal government, touching the carriage and care of the United States mail, was clearly established by the testimony. Defendant's contention that, in such a situation, he should be regarded as its servant, we consider too untenable for serious discussion. There was neither allegation nor proof on defendant's part that plaintiff was in its employ in any capacity, and certainly no such inference fairly arises from any of the facts in evidence. This being so, there is no foundation on which to predicate a defense that plaintiff's injury arose from any negligence of fellow-servants. The train operatives were clearly not such as to him. Defendant's duty to him, so far as concerned safe transportation, was as a passenger. *Seybolt v. Railroad* ( 1884 ), 95 N. Y. 562 ; *Blair v. Railroad* ( 1876 ), 66 N. Y. 313 ; *Yeomans v. Navigation Co.* ( 1872 ), 44 Cal. 71 ; *Collett v. Railroad* ( 1851 ), 16 Adol. & E. ( N. S. ) 984 ; *Hammond v. Railroad* ( 1874 ), 6 S. C. 130. This point being settled, there remains no basis for defendant's contention that the court erred in refusing an instruction in the nature of a demurrer to the evidence.

"II. Defendant urges its exception to the ruling excluding the testimony of Dr. Scott. It is not denied that the questions called for a disclosure of information concerning plaintiff's injuries, which Dr. Scott acquired while attending plaintiff as a physician ; but the contention is that the evidence was admissible, because plaintiff had waived the protection of the statute by offering Dr. Glancie as a witness regarding the same injuries. The language of the statute on the subject is that a physician or surgeon 'shall be incompetent to testify concerning any information which he may have acquired from any patient while attending him in a professional character, and which information was necessary to enable him to prescribe for such patient as a

physician, or do any act for him as a surgeon.'   R. S.
1889, sec. 8925; R. S. 1879, sec. 4017.

"It is conceded that a physician may be permitted
to testify at the instance of his patient concerning facts
acquired by him in his professional relation ; but it does
not necessarily follow that, by introducing such a wit-
ness, the patient impliedly waives his right to object to
every witness that may be called by his adversary in
relation to the same subject. The ban of incompen-
tency is placed by the statute on certain witnesses. It
does not exclude the evidence by reason of its inherent
character, but only when given by the persons within
its purview. *Hoy v. Morris* (1859), 13 Gray, 519. A
party to litigation may be willing to waive the objection
of incompetency as to a witness in whom he reposes
special confidence, yet insist on it as to another. It
has been held in New York, under statutory language
somewhat resembling ours, that where a physician, thus
declared incompetent, testified at the instance of his
patient upon one trial, the party so calling him could
not insist on his exclusion as a witness to the same
facts at a subsequent trial of that cause. *Edington v.
Ins. Co.* (1879), 77 N. Y. 564. But that decision fur-
nishes no authority, or even an analogy, to support the
position taken by defendant here. *Westover v. Ins.
Co.* (1885), 99 N. Y. 56; 1 N. E. Rep. 104. In a still
later case, the court of appeals of that state has
announced the same conclusion on the subject of waiver
which we have now reached. *Hope v. Railroad* (1886),
40 Hun, 438; s. c., affirmed (1888), 110 N. Y. 643; 17
N. E. Rep. 873.

"We incline to the opinion that plaintiff, by calling
Dr. Glancie to testify in his behalf, merely waived his
incompetency for the purposes of the case, but cannot
thereby be justly deemed to have assented to the exami-
nation of every other witness pronounced incompetent
by the statute, who might possess confidential knowl-
edge on the same general subject.

"III.    Some objections are made to the rulings on the instructions which will be noted briefly.    As we have aready ruled, the facts in evidence, unexplained, gave plaintiff the *status* of a passenger, so far as concerned his right to safe transit.    Starting from this postulate, it follows that there was no error in the instructions, regarding the degree of care towards him devolving on defendant, for they embody the rules of law on that subject recently approved in *Furnish v. Railroad*, 102 Mo. 438, and, therefore, need not be reviewed in detail.    No evidence was offered by the defendant tending to explain or excuse the collision between its trains, or tending to show any contributory negligence on plaintiff's part.    In this state of the case, the instructions regarding defendant's duty to safely carry plaintiff, however viewed, cannot be said to contain any error to the prejudice of defendant's substantial rights upon the merits.    R. S.  1879, secs. 3569, 3775 ; R. S. 1889, secs. 2100, 2303.

"Next, the instruction on the measure of recovery is challenged as erroneous because it mentions 'loss of earnings' as an element of damage, whereas the petition makes no claim for compensation on account thereof.    Loss of earnings is a kind of injury which is not regarded as a necessary consequence of such acts as are complained of here, and, therefore, is not embraced within the plaintiff's general allegations of damage.    It is one sort of special damages, and consequently must, in some wise, be counted upon to constitute a basis for evidence on the subject.    The purpose of this rule is to prevent surprise, and to inform defendant of the exact scope of plaintiff's demand.    But defendant may waive its benefits, and where, as here, evidence of the earnings of plaintiff at the time of the accident has been admitted, to furnish a basis for such a recovery without objection, it will be regarded as such a waiver.

"IV. It is insisted that the damages assessed ($6,050) are excessive. Plaintiff's evidence tended to show that he was rendered unconscious by the shock of the collision, and suffered severe pains constantly where he was struck by the beam' that held him fast in the wreck ; that there remained two black and blue patches on his back for three or four months ; that his left leg was cold, as if dead, for about five months ; that some ten weeks after the accident he returned to his post, and for six weeks discharged his duties, but suddenly, while at work, became unconscious, as though 'somebody had thrown a mail-sack and hit' him, and after that had not been able to resume his labors up to the time of trial ; that he cannot grasp anything tightly in his left hand, and cannot do any work at all ; that every change of weather gives him pain through the left leg up to the hip joint ; that his medical expenses were about $400 prior to the trial, and his earnings $1,150 a year before the accident.

" His physician testified that plaintiff was suffering from paralysis, which, in his opinion, based on the symptoms exhibited, was ascribable to an injury to the spinal cord, and that he did not think plaintiff would ever entirely recover from the effects of the injury.

" This verdict comes to us with the approval of the trial judge, who has seen the plaintiff and heard his statements and those of the other witnesses, face to face. The medical evidence, touching the permanency and extent of plaintiff's injuries, is conflicting, and, after a careful consideration of it, we are not prepared to say that the damages awarded are sufficiently large to justify the intervention of this court."

But one assignment of error for the reversal of the judgment of the trial court is urged before the full bench, and that is the authority given the jury by the instructions of the court to award plaintiff damages "for loss of earnings." It is contended that this was error for the reason that such damages were not set up or

claimed in the petition. We adhere to the principle announced in the opinion filed by BARCLAY, J., in division number 1, that "loss of earnings is a kind of injury which is not regarded as a necessary consequence of such acts as are complained of here, and, therefore, is not embraced within the plaintiff's general allegations of damages. It is one sort of special damages and consequently must in some wise be counted upon to constitute a basis for evidence on the subject." *Jesse v. Shuck*, 12 S. W. Rep. (Ky.) 304; *Gumb v. Railroad*, 114 N. Y. 411; *Leeds v. Gaslight Co.*, 90 N. Y. 26; *Tomlinson v. Town of Derby*, 43 Conn. 562; *Taylor v. Town of Monroe*, 43 Conn. 36, *Dickinson v. Boyle*, 17 Pick. 78; *Railroad v. Ware*, 84 Ky. 267; *Sopper v. Dry-Dock Co.*, 5 N. Y. Sup. 700; *State v. Blackman*, 51 Mo. 319; *O' Leary v. Rowan*, 31 Mo. 117.

This brings us, therefore, to the consideration of the only other question involved in this contention, and that is, did the defendant save exceptions to the action of the court in respect of this alleged error so as to avail itself of it in this court? To determine this question properly we must appeal to the record.

The plaintiff seeks to recover damages for personal injuries inflicted on him while on defendant's road as clerk of the postal department of the United States, as is alleged, by defendant's negligence. He avers that "by said injuries he was made sick and sore, suffered great pain of body and mind and was permanently crippled, disfigured and disabled, has incurred and will incur great expenses for medicines, medical attention and nursing, his spine and back is permanently injured, and the plaintiff is thereby damaged in the sum of $25,000, for which sum he prays judgment."

It will be observed there is here no allegation of loss of earnings, or that plaintiff was by reason of the injury unable to attend to business, or had been prevented from transacting business, or that he had lost or would lose a particular salary.

The answer contained a general denial, and a plea of contributory negligence. The parties went to trial on the issues thus made up, and the plaintiff introduced evidence without objection on defendant's part tending to prove that plaintiff was engaged at the time of the alleged injury, and had been for six or seven years, prior thereto, engaged, in the postal department of the United States, as postal clerk in handling mail matter carried by the defendant corporation ; that his salary as such had been $1,150, and that he had been unable to attend, and did not attend, to his duties as such clerk or do any other work, by reason of his injuries from the time he was injured till the trial, except six weeks. The court, after the close of the evidence, gave an instruction on the measure of damages, which is given in full in the statement quoted above, by which the jury was authorized to allow plaintiff damages "for loss of earnings." The instruction contained many other elements of damages besides this. Defendant's objection to it was general. The court was not asked to exclude from the consideration of the jury the evidence in regard to plaintiff's loss of time and the amount of his salary. In the motion for new trial, there is to be found no complaint in regard to this evidence, the only objection to the admission of evidence being in this language : "*First.* Because the court admitted incompetent and illegal testimony offered by plaintiff *against the objection of the defendant.*" It must be noted here that the error urged goes only to the admission of testimony "*against the objection of the defendant.*"

This is substantially the record on this phase of the case. What is the law applicable to it ? On one side it is contended that the authority given the jury in this case to allow damages "for loss of earnings" "is not a mere departure or variance from the pleadings to which the 'surprise' statute applies, but is a distinct and separate element of damage which this court concedes should have been specially pleaded." On the

other hand the contention is that as the evidence of lost time, plaintiff's employment and the amount of his salary was admitted without any objection either specific or general, our statute of amendments and jeofails is broad enough to cure the error complained of, and that defendant's exception to the instruction as a whole does not entitle it to be heard in this court.

The position assumed by the defendant is not tenable, either upon principle or authority. The duty of plaintiff and defendant is mutual and reciprocal. The purpose of the rule, requiring the plaintiff to state the grounds upon which he expects judgment, and to specify the damages he seeks to recover, with reasonable certainty, is to prevent surprise, and inform defendant of the exact scope of plaintiff's demand; and on the other hand the rule requiring defendant to make his objections to evidence, under the issues made by the pleadings, specific, is to prevent surprise to the plaintiff and to enable him to avoid the effect of the objection by some of the methods provided by law. These rules prevailed at common law to a large degree, but the code of civil procedure broadened and deepened them. No enlightened system of practice ought to allow ambuscade in forensic contentions. Let the contest take place in the open field. The law says to the plaintiff, "tell the defendant in plain and concise language, what you want," and to the defendant it says, "if you do not comprehend fully what the plaintiff seeks from you, give him specifically your objections." The Missouri code, in an especial manner, provides for a square deal between litigants. In the first place it requires plaintiff to make a plain and concise statement of his cause of action, and then it provides several methods by which the defendant can take advantage of this statement if it be defective in form or substance; *First.* He may demur. *Second.* He may move to have it made more certain and definite. *Third.* He can object

to the introduction of evidence on an issue not made. Besides these, he can answer, if he so desires.

After answer filed and trial begun, the code comes in for the protection of both parties with these provisions: "Sec. 2096. No variance between the allegation in the pleading and the proof shall be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits; when it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court by affidavit showing in what respect he has been misled and thereupon the court may order the pleading to be amended upon such terms as shall be just.

"Sec. 2097. When the variance between the allegation in the pleading and the proof is not material, the court may direct the facts to be found according to the evidence, or may order an immediate amendment without costs.

"Sec. 2098. The court may at any time before final judgment, in furtherance of justice and on such terms as may be proper, amend any record, pleading, process, entry, return or other proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

"Sec. 2100. The court shall in every stage of the action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect.

"Sec. 2101. After final judgment rendered in any cause, the court may in furtherance of justice, and on such terms as may be just, amend in affirmance of such judgment any record, pleading, process, entries, returns

or other proceedings in such cause by adding or striking out the name of a party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by rectifying defects or imperfections in matters of form, and such judgment shall not be reversed or annulled therefor.''

'' Sec. 2238. Where the allegations of the cause of action or defense to which the proof is directed is unproved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance, but a failure of proof.

'' Sec. 2239. In case of such failure of proof and a verdict of a jury or finding of the court against the party so failing, and the court is satisfied from the proof given that the party has a good cause of action or defense, the court may, on motion of such party, set aside the verdict or finding, and grant a new trial and permit the pleadings to be amended on such terms as may be just.''

'' Sec. 2113. When a verdict shall have been rendered in any cause, the judgment thereon shall not be stayed, nor shall such judgment, nor any judgment after trial or submission, nor any judgment upon confession, *nihil dicit*, or upon failure to answer, nor any judgment upon a writ of inquiry of damages executed thereon, be reversed, impaired or in any way affected by reason of the following imperfections, omissions, defects, matters or things, or any of them, namely: *First*, for want of any writ, original or judicial; *second*, for any default or defect of process, or for misconceiving any process, or for awarding the same to the wrong officer, or for the want of any suggestion for awarding process, or for any insufficient suggestion; *third*, for any imperfect or insufficient return of any sheriff or other officer, or that the name of such officer is not signed to any return actually made by him; *fourth*, for any variance between the original writ

and petition; *fifth,* for any mispleading, miscontinuance or discontinuance, insufficient pleading, jeofail or misjoining issue; *sixth,* for want of any warrant of attorney of either party, except in cases of judgment by confession, when such warrant is expressly required by law; *seventh,* for any party under twenty-one years of age having appeared by attorney, if the verdict or judgment be for him; *eighth,* for the want of any allegation or averment on account of which omission a demurrer could have been maintained; *ninth,* for omitting any allegation or averment without proving which the triers of the issue ought not to have given such a verdict; *tenth,* for any mistake in the name of any party or person, or in any sum of money, or in any description of any property, or in reciting or stating any day, month or year, when the correct name, sum or description shall have been once rightly alleged in any of the pleadings or proceedings; *eleventh,* for a mistake in the name of any juror or officer; *twelfth,* for the want of any venue if the cause was tried in the proper county; *thirteenth,* for any informality in entering a judgment or making up the record thereof, or in any continuance or other entry upon the record; *fourteenth,* for any other default or negligence of any clerk or officer of the court or of the parties, or of their attorneys, by which neither party shall have been prejudiced.

"Sec. 2114. The omissions, imperfections, defects and variances in the preceding section enumerated, and all others of a like nature, not being against the right and justice of the matter of the suit, and not altering the issues between the parties on the trial, shall be supplied and amended by the court where the judgment shall be given, or by the court into which such judgment shall be removed by writ of error or by appeal."

"Sec. 2117. It shall be the duty of the courts to so construe the provisions of law relating to pleading, and to so adapt the practice thereunder as to discourage, as far as possible, negligence and deceit, to prevent delay,

to secure parties from being misled, to place the party not in fault as nearly as possible in the same condition he would be in if no mistake had been made, to distinguish between form and substance, and to afford known, fixed and certain requisitions in place of the discretion of the court or judge thereof."

Can anyone read these provisions of our code without being irresistibly driven to the conclusion that it was the purpose of the legislature, as it should be the purpose of every enlightened system of jurisprudence, that one square, open and fair contest should end the litigation in a given case.

Let us view the contention under discussion as presented by this record, in the light of these provisions. The allegation of the *cause of action* to which the proof was directed in this case was not unproved in its entire scope and meaning. The cause of action, the *gravamen* of the charge alleged, was the injury inflicted on plaintiff through defendant's negligence. The damages were the result of this injury thus caused. They did not constitute the cause of action; they were simply collateral to it. When the plaintiff proved his injury, caused by defendant's negligence, the *gravamen* of his action, he was entitled to recover something. The amount of damages he sustained would depend on the nature of the injury. He was, it is conceded, entitled to compensation in damages for his bodily pain and mental anguish, and for his permanent injury. When he offered evidence of the amount of salary he was receiving at the time of the accident, if the defendant had promptly interposed an objection on the ground that the loss of earnings was not averred, we hold the objection ought to have been sustained. But we hold that as there was not a failure of proof of the cause of action alleged, within the meaning of section 2238, *supra*, the objection not being made was waived. The error complained of was cured by section 2096, *supra*. This evidence simply added another element of damage

to those for which, it is now conceded on all hands, the plaintiff could recover. This damage flowed from the *same*, and not a different, injury.

If defendant was not prepared to meet that element of damage, all it had to do was to make an objection that it was not included in the averments of the petition, and, if its objection had been overruled, comply with section 2096, *supra*. This would have been fair to plaintiff, and would have preserved defendant's rights in tort. A defect of this character is remediable by amendment at the trial (1 Boone, Code Pl., sec. 233, and cases cited); and, if the objection had been made, plaintiff could have obtained leave to amend his petition so as to cover this element of damage and thus conform to the facts proven. The defendant, however, chose to remain silent as to this point during the trial, and after verdict assigned no error of the court in the admission of evidence except that which had been admitted *over its objections*. It filed no affidavit of surprise either before or after verdict. Indeed, this record clearly shows that the defendant did not regard the defect in the petition under review as prejudicial to its defense, or as affecting its substantial rights. Defeat under such circumstances must be borne. Litigants must learn to be diligent. Objections must be timely and specific. Any other course would be unjust to the trial courts, would not "discourage * * * negligence and deceit," and would not "prevent delays."

Our conclusion is that the defect in question was waived by the failure of defendant to object and except to it during the trial. *Railroad v. Ware, supra; Cruchon, Adm'r, v. Brown*, 57 Mo. 38; *Crispen v. Hannovan*, 86 Mo. 160; *Weil v. Simmons*, 66 Mo. 617; *Mueller v. Kaessmann*, 84 Mo. 318; *Moehring v. Hall*, 66 Texas, 240; *Wilkinson v. D. S. & S. Works*, 73 Mich. 405; *Atkinson v. Harran*, 32 N. W. Rep. (Wis.) 756; *Flohart v. Miner*, 4 N. Y. Sup. 618; 61 N. H. 638.

The other conclusions reached by BARCLAY, J., in division number 1 are approved, from which it follows that the judgment of the trial court must be affirmed. All concur.