Macfarlane, J.
The action is for damages on account of alleged slanderous words spoken. The petition charged that the defendant spoke of and concerning plaintiff, on two occasions, these words: “He is keeping a whore house.” Other words were also charged to have been spoken, which imputed to plaintiff the offense, as alleged, of “keeping a whore house.”
On the trial some of plaintiff’s witnesses testified that defendant spoke the exact words charged. Defendant denied speaking the words or any words imputing the offense.
*141 Instruction 2, given the jury at the request of plaintiff was as follows:
‘ ‘And the court further instructs the jury that if they believe from the evidence that the defendant spoke the words set out in the petition, or substantially those words, concerning the plaintiff, then, under the law and the pleadings, said words are presumed to have been spoken falsely and maliciously, without any further proof as to their falsity or malice, and the verdict must be for the plaintiff, and the jury must assess such an amount of damages in his behalf as they may deem proper under the view of the whole case to compensate him for the mortification and shame he may have suffered, and the disgrace and dishonor attempted to be cast upon him, and all damages done to his reputation, as well as to punish the defendant for his wrongful and malicious conduct, not to exceed, however, the amount claimed in the petition.”
Defendant asked an instruction which the court gave with an amendment. The following is the instruction as given. The amendment is in italics:
“ The jury are instructed that the issue made by the pleadings is whether the defendant uttered the words charged as slanderous in the petition. On this issue the burden of proving the words charged as slanderous is upon the plaintiff, that is, the plaintiff must prove to the satisfaction of the jury, by a preponderance of the evidence, that the defendant uttered the words charged as slanderous or substantially those words in the petition; and proof that he uttered equivalent words or words of similar' import will not do.”
I. Three special objections are made to the second instruction given at the request of plaintiff. The petition charged damage to the “reputation” of plaintiff and nothing more. The instruction directed the jury to give damages, ‘ ‘for the mortification and shame he *142 may have suffered, and disgrace and dishonor attempted to be cast upon him, and all damages to his reputation.” It is insisted that the issues made by the pleadings were thus enlarged and widened by the instruction.
Damages are either special or general. The latter include such as naturally and necessarily result from the act complained of. The former are • such as really accrued from the wrong complained of, but are not implied by law from the nature of the wrong itself. Damages that are general need not be specially pleaded; but, in order to recover special damages, the injurious consequences of the wrong must be specially averred and proved. 3 Sedg., Damages, sec. 1261; 1 Sutherland, Damages, sec. 418; Chit., Pl. [16 Am. Ed.], 410; Coontz v. Railroad 115 Mo. 672; O’Leary v. Rowan, 31 Mo. 118.
The action, of slander is one to recover damages for injury to a man’s reputation or good name. In view of the charges of the petition, and the evidence in support thereof, we are of the opinion that the general allegation of injury to the reputation was sufficient to authorize the instruction. The wrongs complained of in the petition naturally and necessarily imply that plaintiff suffered mortification and shame, and that he was thereby disgraced and dishonored. The instruction consequently did not enlarge the issues.
II. The next objection to the instruction is that it authorized a recovery upon proof “that the defendant spoke the words set out in the petition, or substantially those words.” Counsel insist that there could be no recovery, unless the exact words charged in the petition were spoken, or enough of them to impute to plaintiff the offense charged; that it is not sufficient to prove that substantially the same words were spoken.
In the abstract the criticism has merit. The rule as applied in this state undoubtedly is that ‘ ‘though the *143 plaintiff need not prove all the words laid, yet he must prove so much of them as is sufficient to sustain his cause of action, and it is not enough for him to prove equivalent words of slander.” Berry v. Dryden, 7 Mo. 325; Birch v. Benton, 26 Mo. 153; Clements v. Maloney, 55 Mo. 357. The word “substantial,” as used in approved instructions, refers to the offense charged rather than to the words used. The words proved, if not all the exact words, must substantially establish the slanderous charge. Atteberry v. Powell, 29 Mo. 432; Clements v. Maloney, supra; Lewis v. McDaniel, 82 Mo. 585.
But the instruction was not prejudicial to defendant for the reason that if the slanderous accusation was made at all, the evidence clearly establishes that it was made in the exact words in which it was charged.
III. The third objection to the instruction is that it peremptorily requires the jury to assess punitive or exemplary damages. The instruction in respect to the assessment of such damages, omitting other elements, reads: “The jury must assess such an amount of damages in his behalf as they may deem proper under the view of the whole case to compensate him (plaintiff), * * * as well as to punish defendant for his wrongful and malicious conduct.”
The instruction undoubtedly directs the jury, as though defendant was entitled to punitory damages as a matter of legal right. There has been some controversy on the question whether punitive or exemplary damages are recoverable in any case, though it is now generally conceded that it may be allowed for wrongs inflicted maliciously or wantonly. But it is also genererally held that they are not allowed as a matter of right, in any case; but, when the cause for their recovery exists, their.allowance rests in the discretion of the jury. An instruction should, therefore, have been so framed as to leave the jury free to exercise their discre *144 tion. Railroad v. Burke,, 53 Miss. 227; Railroad v. Gastineau’s Adm’r, 83 Ky. 127; Railroad v. Rector, 104 Ill. 303; Welb v. Gilman, 80 Me. 188; Snow v. Carpenter, 49 Vt. 436; Callahan v. Ingram, 122 Mo. 372; Bergman v. Jones, 94 N. Y. 51.
This is undoubtedly a case in which exemplary damages might have been allowed in the discretion of the jury, but not as a matter of absolute right. The instruction in this particular was erroneous. It may have greatly influenced the jury. For this error the judgment is reversed and the cause .remanded.
All concur.