JOHN KUPFERSCHMID, Respondent, v. SOUTHERN ELECTRIC RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 20, 1897.

1. **Instruction.** An instruction which assumes facts in issue to be true is erroneous.

2. **Contributory Negligence:** JURY QUESTION: INSTRUCTIONS. *Held:* That under the evidence in this case the question of contributory negligence was for the jury, and was submitted under fair instructions.

3. **Damages:** PLEADING: EVIDENCE, ADMISSIBILITY OF. Evidence of an item of damage, in the absence of any averment of the *quantum* of such damage, is admissible under a general allegation of damages.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

REVERSED AND REMANDED.

*Lubke & Muench* for appellant.

The court erred in refusing to exclude from the evidence the city ordinance offered and read by plaintiff. City Charter, art. 3, sec. 13; 2 R. S. 1889, p. 2094; *Witzman v. R'y*, 131 Mo. 613.

The city charter is a public act, of which the courts take judicial notice. Const. 1875, art. 9, sec. 21.

It makes the regulation of the time and manner of running street cars one subject. City Charter, art. 10, sec. 2. See, also, *Id.*, sec. 6; 2 R. S. 1889, p. 2133.

The municipal assembly may contract with a street railway by passing an ordinance which will become operative so soon as the company accepts its provisions. And this acceptance may include charter provisions. *Union R'y v. Southern R'y*, 105 Mo. 602; *St. Louis R'y v. Southern R'y, Id.* 577; *Union Depot R'y v. Southern R'y, Id.* 562; *Fath v. R'y*, 39 Mo. App. 447; 105 Mo. 537. The contractual relation must be shown. *Senn v. R'y*, 108 Mo. at 152.

The court erred in giving instruction number 1, which assumed that there was uncontroverted evidence to prove every essential fact to make the ordinance binding upon defendant. *Henry v. Bassett*, 75 Mo. 89; *Kennedy v. Klein*, 19 Mo. App. 15; *Martin v. Johnson*, 23 *Id.* 96; *Voegeli v. Pickel M. & G. Co.*, 49 *Id.* 643. See, also, *Mathew v. R'y*, 26 Mo. App. 76; *Pindell v. R'y*, 34 *Id.* 675; *Rice v. McFarland*, 41 *Id.* 489; *Robertson v. Drane*, 100 Mo. 273.

The court can not assume as a matter of law that any given rate of speed constitutes negligence *per se*. *Powell v. R. R.*, 76 Mo. 80; *Young v. R. R.*, 79 *Id.* 336.

The court erred in giving the general instruction number 2. It was erroneous and misleading, in that it omitted the question of plaintiff's general contributory negligence. *Gieson v. Horse R'y*, 76 Mo. 282; *Sullivan v. R'y*, 88 *Id.* 169. And the error was not cured by the later instruction number 11. *Hohstadt v. Daggs*, 50 Mo. App. 240. See, also, *Barr v. City of Kansas*, 105 Mo. 550.

The court's comment upon the evidence under instruction number 3 was a usurpation of the functions of the jury, and prejudicial to defendant. *R. R. v. Dawley*, 50 Mo. App. 489; *State v. Elkins*, 63 Mo. 159; *White v. Lowenberg*, 55 Mo. App. 69; *Judd v. R. R.*, 23 *Id.* 57; *Kendig v. R. R.*, 79 Mo. 207.

The court erred in striking out of instruction number 8 the words "to have warned the driver and enabled the latter to turn out of the track and thereby avoid collision," and substituting "to have saved himself from injury." *Hickman v. Depot R'y Co.*, 47 Mo. App. 65; *Smith v. R'y*, 52 *Id.* 36; *Lenix v. R. R.*, 76 Mo. 86; *Powell v. R. R.*, *Id.* 80. See, also, *Buel v. Transfer Co.*, 45 Mo. 562; *Young v. Ridenbaugh*, 67 *Id.* 574; *Becraft v. Grist*, 52 Mo. App. 586.

Medical expenses must be established by proof, and proof can not be made as to matters not alleged. *Duke v. R. R.*, 99 Mo. 347; *Smith v. R'y*, 108 *Id.* 244; *Rhodes v. Nevada*, 47 Mo. App. 499; *Hunter v. City of Mexico*, 49 *Id.* 17; *Madden v. R. R.*, 50 *Id.* 666. See, also, *Harding v. Wright*, 119 Mo. 1.

There was no evidence to show any permanent injury. It is error to submit an issue not supported by evidence. *Logan v. Enterprise Co.*, 47 Mo. App. 510; *Benjamin v. Street R'y*, 50 *Id.* 603; *Cross v. R'y*, 56 *Id.*

665; *Paddock v. Somes*, 102 Mo. 226; *State ex rel. v. Hope, Id.* 410; *Goltz v. Griswold*, 113 *Id.* 144.

*A. Gfeller* for respondent.

The court properly admitted in evidence the city ordinance offered by respondent. R. S. 1889, sec. 2186; *Walker v. Point Pleasant*, 49 Mo. App. 244; *Ludowiski v. Society*, 29 *Id.* 337; *Litho. Co. v. Obert*, 54 Mo. App. 240; *Merrill v. Trust Co.*, 46 *Id.* 236; *Bates v. Scheik*, 47 *Id.* 642. See, also, 4 Am. and Eng. Ency. of Law, 209, 298; 8 *Id.* 620; *R. R. v. Shambaugh*, 106 Mo. 567; *Leaf Co. v. Whipple*, 51 Mo. App. 181; *Ins. Co. v. Smith*, 117 Mo. 261; *Ins. Co. v. Beckmann*, 47 *Id.* 93.

A corporation in possession of and operating a given line of railroad, is presumptively the owner. *State to use v. R. R.*, 46 Mo. App. 466.

The assumption in an instruction of a fact of which there is some proof, and no controverting evidence, will not constitute reversible error. *Dickson v. R. R.*, 104 Mo. 491. See, also, *Bergmann v. R. R.*, 88 Mo. 678; *Ewing v. Hoblitzelle*, 85 *Id.* 64.

The court did not err in instructing the jury. *Smith v. R. R.*, 52 Mo. App. 36; *Sullivan v. R. R.*, 117 Mo. 214; *Hickman v. Depot R. R. Co.*, 47 Mo. App. 65; *Senn v. R. R.*, 108 Mo. 142; *Dickson v. R. R.*, 104 *Id.* 491; *Becke v. R. R.*, 102 *Id.* 554; *Hunt v. R. R.*, 14 Mo. App. 160; *Keitel v. R. R.*, 28 *Id.* 657; *Werner v. R. R.*, 81 Mo. 368; *Gerdes v. Christopher*, 124 *Id.* 347; *Gurley v. R. R.*, 122 *Id.* 141; *Golden v. Clinton*, 54 Mo. App. 100; 7 Am. and Eng. Ency. of Law, 516; *Gratiot v. R. R.*, 116 Mo. 450. See, also, *Baller v. Cohen*, 42 Mo. App. 97; *Voegeli v. Pickel M. & G. Co.*, 49 *Id.* 652; *Schroeder v. Michel*, 98 Mo. 43.

The testimony of Dr. Schultz as to expenses for medical attendance was admissible under the general

allegation of damages.    *Gerdes v. Christopher*, 124 Mo. 347; *Golden v. Clinton*, 54 Mo. App. 100; *Gorham v. R. R.*, 113 Mo.

BIGGS, J.—On the twenty-third day of September, 1893, the defendant was operating an electric street railway on South Broadway in the city of St. Louis. Early in the morning of that day the plaintiff, by invitation of one Essemueller, was riding on South Broadway, when the vehicle in which he was riding was struck from behind and upset by a motor car on defendant's road, resulting in personal injuries to the plaintiff. The present suit is to recover damages for the injuries sustained. The petition alleges that the defendant corporation is the successor of the Southern Railway Company, and that as such successor it was operating the street railway under city ordinance number 15160, approved August 2, 1889. As an act of negligence it was averred that at the time of the accident the servants of the defendant were running the motor car at a greater rate of speed than that provided in said ordinance. The other alleged acts of negligence were that the motorman failed to sound the gong or give other warning of the approach of the car, and that he failed to make the usual efforts to stop the car after he discovered, or might have discovered, the danger to which the plaintiff was exposed. The answer is a general denial and a plea of contributory negligence. There was a trial, which resulted in a verdict and judgment for plaintiff for $2,300. The defendant has appealed and complains of the admission of incompetent evidence, the giving and refusing of instructions, and that the judgment is excessive.

As to the alleged violation of the city ordinance, the circuit court on motion of the plaintiff instructed the jury as follows:

"The court instructs you that if you believe from the evidence that on or about the twentieth day of September, 1893, the defendant corporation owned and operated on and over certain public streets in the city of St. Louis, a street railway by means of electricity as a motive power, and among other streets upon which said defendant corporation operated its said street railway was a street known as South Broadway, in said city of St. Louis; and if you further find that on the said twentieth day of September, 1893, at about the hour of five (5) o'clock in the morning, plaintiff, with others, was proceeding or traveling on a wagon southwardly on and along said South Broadway, a public street, upon and along which said defendant corporation was then so as aforesaid operating its said street railway, and further find that while plaintiff was so proceeding on said street said wagon was struck, run into and overturned from the rear by a train of cars belonging to the defendant, and in charge of defendant's servants, and if you further find that at the time when said train of cars so struck the said wagon upon which plaintiff was riding, the said train of cars was being operated at a greater speed than ten (10) miles per hour, then this in law constituted negligence on the part of defendant; and if you find and believe from the evidence that the injuries complained of by plaintiff were directly occasioned by, or directly resulted from, the running of the said cars at a rate of speed greater than ten (10) miles an hour, then the plaintiff is entitled to recover in this action, if you further find from the evidence that the plaintiff was not guilty of negligence on his part which directly contributed to the accident that caused the injury."

The ordinance mentioned was passed in 1889, for the benefit and government of the Southern Railway

INSTRUCTION.    Company.    That company owned and operated at that time a street railroad on South Broadway.    The ordinance authorized the company to change its motor power, and it also prohibited it from running its cars within specified limits, at a greater rate of speed than ten miles an hour.    The ordinance was read in evidence, and there was proof that the car, at the time of the accident, was running at a greater rate of speed than that prescribed, but there was no proof that the defendant was the successor of the Southern Railway Company, or that the road that the defendant was operating was the same road that the Southern Railway Company owned in 1889.    These latter facts were put in issue by the answer.    It will be observed that the instruction assumes them to be true.    This was prejudicial error, for the reason that the ordinance was not general, but applied only to the road owned and operated by the Southern Railway Company.    The answer made to this objection is that the petition averred the incorporation of the defendant, and that it was the successor of the Southern Railway Company, and that as the answer was not under oath these averments were admitted.    R. S. 1889, sec. 2186.    The failure of defendant to verify its answer amounted *only* to an admission of its incorporation.    It is also insisted that the proof that the defendant was in possession of and running the railroad formerly owned by the Southern Railway Company is some evidence of the alleged successorship.    The difficulty with this suggestion is that there is no evidence in the record as to the location of the road formerly owned by the Southern Railway Company.    The ordinance merely recites that the road is located on South Broadway.    Its *termini* are not given.    This is the extent of the proof on this point.

The action of the court as to other instructions is not subject to serious criticism. Under the evidence the question of contributory negligence was for the jury, and it was submitted under very fair instructions.

CONTRIBUTORY negligence: jury question: instructions.

The petition contained the allegation "that he (plaintiff) has already had and will have hereafter great expense for medicine and medical attendance." Against the objection of the defendant the court permitted the plaintiff to prove the amount he had paid for medicines and medical attention. The ground of the objection was that in the absence of an averment of the quantum of such damage the recovery as to this item could not exceed a nominal sum, hence proof of a substantial sum was inadmissible. It has been held in this state that a general allegation of the loss of earnings, without alleging the amount, authorized a substantial recovery therefor. *Miller v. Railroad*, 105 Mo. 455; *Gerdes v. Christopher*, 124 Mo. 347. Under the authority of these cases this assignment must be ruled against the defendant.

DAMAGES: pleading: admissibility of evidence.

Complaint is also made that the damages allowed by the jury are out of all proportion to the injuries received. As the judgment must be reversed on other grounds, we need not enter into an examination of the evidence bearing on this question. If the injuries received by the plaintiff were of a permanent character, that is if they resulted in a derangement of the kidneys, as the plaintiff claims, then the allowance was reasonable. However, the evidence relied on to establish this fact is very vague. Aside from the opinion of plaintiff's physician (which was expressed with hesitation), all of the facts and circumstances in evidence are against it.

For the error pointed out in the instructions, the judgment will be reversed and the cause remanded. All the judges concur.