[24] Plaintiff has filed an extended motion for rehearing in which she earnestly argues that this court committed error in holding that the trial court erred in permitting plaintiff to introduce evidence of her high blood pressure when no such damage was pleaded in plaintiff's petition. Plaintiff also strongly urges that we further erred in remanding the cause for a new trial without limiting such new trial to the question of damages.
[25] It is contended by plaintiff that Section 52 of the Civil Code of Missouri, Mo. R.S.A. § 847.52, which provides that when "items of special damage" are claimed "they shall be specifically stated", having been copied verbatim from Rule 9(g) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the "construction" given said rule 9(g) by the Federal Courts must be given to Section 52, supra.
[26] Plaintiff cites numerous cases which declare the principle mentioned. We have no quarrel with the principle nor with the cases so cited but that principle has no application to the case at bar because there is no room in this case for any presumption as to "construction" of the language of Section 52, supra. Both said Section 52 and Federal Rule 9(g) provide plainly, simply and positively that "items of special damage" shall be "specifically stated." No "construction" of the quoted words could add anything to the clarity of their meaning, or change or affect the clearly shown intention of the lawmakers. There can be no doubt whatsoever about the meaning of the words used. They simply say what they mean and mean what they say, namely, that "items of special damage" shall be "specifically stated." Anything in the way of so-called "construction," if it could be said to have any effect, could only cloud and obscure the clear meaning of the simple words themselves. If we had a case in which the statute involved were ambiguous or lacking in clarity as to its meaning, or where there was doubt as to the "construction" that should be given to it, then the principle referred to would require that resort be had to the "construction" given to such statute in the state of its origin (in this case Federal Courts) so that the same construction could be given to it in the state wherein it was adopted. However, the principle that the adopting state is "presumed" to have adopted the "construction" given a statute (in this case Federal Rule 9(g) in its home state has no foundation on which to rest because the statute itself as well as the Federal Rule 9(g) are clear and completely free from ambiguity. Such a statute as Section 52, supra, needs no "presumption" or "construction" to aid in determining its plain, simple meaning. The plain words carry their own construction and meaning.
[27] In the lengthy argument of plaintiff she repeatedly refers to the "construction" given to Federal Rule 9(g) but nowhere is there cited any authority showing what such "construction" was in any kind of a case. Plaintiff confuses the principle of law which requires that an adopting state shall give the same "construction" to a statute which is given to it in the state of its origin with the matter of construing such statute. We agree with the principle referred to but when we come to apply it in this case plaintiff does not tell us how the Federal Rule 9(g) has been *Page 805 
construed in any case similar to the case at bar. Nor have we found any case giving any such "construction." At the critical point in her argument plaintiff cites no supporting case but relies on general conclusions by saying we have construed the words of Section 52, supra, "directly contrary to the prior construction of the federal courts." Plaintiff fails to show, however, any such "prior construction" by the Federal Courts or any other courts. Plaintiff fails to supply this vital element. Plaintiff evidently has found no case in point on the facts of this case (just as we have found none) because, as we see it, the words of both Federal Rule 9(g) and the state statute, Section 52, supra, are so simple, plain and unambiguous that no one has ever heretofore contended in a court of last resort that a party could plead only "general" damages and recover for "special" damages.
[28] This case originally presented a very simple question as to whether or not plaintiff was entitled to recover for an element of damage, namely, "high blood pressure" without having pleaded any such damage in her petition. However, plaintiff in her motion for rehearing has transformed this simple question into a very involved and complicated matter. For instance, plaintiff says: "In construing the phrase `special damage' to be synonymous with `injury,' this court inadvertently overlooked or misinterpreted the controlling decisions of the Supreme Court of Missouri in the cases of Brown v. Hannibal St. Joseph R. Co., 99 Mo. 310, 318, 12 S.W. 655; Nicholson v. Rogers, 129 Mo. 136, 140, 31 S.W. 260; and State to Use of McCracken v. Blackman, 51 Mo. 319, 321." The complete answer to the above argument is that we did not hold the phrase "special damage" to be synonymous with "injury." We simply held that high blood pressure, being a condition which did not inevitably and necessarily arise out of the injuries pleaded, the introduction of evidence showing such high blood pressure condition was an attempt to recover for "special damages" which were not "specifically stated" as required by Section 52 of the Civil Code of Missouri. Furthermore, a mere reading of the above three cases cited by plaintiff shows not only that they do not support plaintiff's argument but that they support the view which we have taken with respect to what constitutes "special damages" and what constitutes "general damages." In the Brown case, supra, cited by plaintiff, it was held that "general damages" are such as the law implies or presumes to have occurred from the wrong complained of and they need not be pleaded, whereas "special damages" are such as really took place but are not implied by law; that "special damages" must be stated in the petition with a reasonable degree of particularity and that such damage is the natural though not necessary consequence of the wrong. In the Nicholson case, supra, cited by plaintiff, it was held that damages are either special or general; that general damages "include such as naturally and necessarily result from the act complained of." That special damages "are such as really accrued from the wrong complained of, but are not implied by law from the nature of the wrong itself." Nicholson v. Rogers, 129 Mo. 136, 140, 31 S.W. 260, 261. (Emphasis ours.) In said Nicholson case it was also held that damages that are "general" need not be specially pleaded, but in order to recover "special damages" the injurious consequence of the wrong must be "specially" averred and proved. To the same effect is State, to Use of McCracken v. Blackman, supra, the third case cited by defendant on this point.
[29] Other authorities cited by plaintiff in her motion for rehearing are Industrias Unidas, S. A. v. Treadwell,[1] D.C. La., and Rule 9 in 28 U.S.C.A. and also Form 10 of the Appendix of Forms to the Federal Rules of Civil Procedure, 28 U.S.C.A. We have examined these authorities and think it is sufficient to say that we find nothing therein which would justify any other conclusion on the facts and the law in this case than the one we reached in the opinion proper herein. *Page 806 
[30] Plaintiff's second point in her motion for rehearing is that if the cause is to be remanded for a new trial, it should be only on the question of damages because there was no error shown as to the question of liability. The whole tenor of plaintiff's argument on this point indicates that the Supreme Court ruling in Hoelzel v. Chicago, R. I. P. R. Co., 337 Mo. 61, 85 S.W.2d 126, 134, arbitrarily and unqualifiedly requires in all cases that "A defendant should not be given a second trial of an issue where there was no error in the first trial of that issue." Plaintiff also argues that Section 140(c) of the Civil Code of Missouri, Laws Mo. 1943, p. 395, Mo.R.S.A. § 847.140(c), provides that "no new trial shall be ordered as to issues in which no error appears." Plaintiff has failed to take notice of the qualifying language in both the decision in the Hoelzel case and in the statute. In the Hoelzel case the Supreme Court did not stop with the language quoted by plaintiff. It gave utterance to very important qualifying language as follows: "There is no set rule which should govern this question in every case * * *. It is the duty of the court, in the light of the facts of each particular case, to determine the character of the error and the issues affected thereby, and rule the question accordingly."
[31] This same important qualification is found in the statute 140(c), supra, where it is provided: "Unless justice requiresotherwise the court shall dispose finally of the case on appeal and no new trial shall be ordered as to issues in which no error appears." We have emphasized above the words that plaintiff failed to include. It will thus be seen that neither the statute nor the Hoelzel case requires us absolutely and unqualifiedly to limit the rehearing of a case on remand to certain issues as plaintiff contends in this case we should do. Both the statute 140(c) and the Hoelzel case, supra, leave to the discretion of the appellate court the question of whether or not it should limit the retrial of a cause on remand to certain particular issues.
[32] In the case at bar the evidence shows that the question of liability of defendant was hotly contested, plaintiff contending that defendant's negligence was the cause of the injuries and defendant contending that plaintiff's contributory negligence was the cause thereof. The evidence showed a collision at an intersection of two streets between two automobiles, one going north and the other going west, both entering into the intersection. It appears to us that the highly conflicting evidence of the parties as to the manner in which the collision occurred makes it practically impossible to try, fairly and justly, the question of damages separately from the question of liability. This case does not involve joint tort-feasors who were sued as defendants as did the Hoelzel case. It involves only one plaintiff and one defendant, hence, there are no such reasons for letting the verdict as to liability stand in this case as there were in the Hoelzel case. We are of the opinion that in the language of the statute 140(c) "justice requires" that the entire case both as to liability and damages should be retried.
[33] The motion for rehearing or, in the alternative, to transfer to the Supreme Court is overruled.
[34] ANDERSON, P. J., and HUGHES, J., concur.
[1] No opinion for publication.