# ANNIE ATKINSON v. UNITED RAILWAYS COMPANY, Appellant.

Division Two, March 7, 1921.

1. **ARGUMENT TO JURY: Belittling Case.** A remark by plaintiff's attorney in his argument to the jury in a personal injury case, characterizing the attitude of defendant as an attempt to "belittle" the plaintiff and to "minimize" her injuries, the only issue in the case over which there was a contest being as to the extent of plaintiff's injuries, the plaintiff having introduced testimony to show that she was badly injured and defendant to show that she was not injured so much as she claimed, was not felicitous, but it was not error.

2. ———: **Deduction: Rendered Unfit for Motherhood.** A remark by plaintiff's attorney in his argument to the jury that "whenever you shatter her nerves, you unfit that woman to ever become the wife of a man; you unfit her to ever become the mother of children," not being a statement that there was evidence directly indicating such a result, but only an argument as a deduction from the evidence that plaintiff's nerves were shattered, even if conceded to be an unsound deduction, was not error.

3. ————: Failure to Call Witness: Physician. No unfavorable inference may be drawn and no unfavorable comment can be made, by counsel in his argument to the jury, on account of the absence of a witness whose evidence is equally accessible to both parties; and it is reversible error to permit such inference or comment, where the testimony of the absent witness would have borne on a vital issue in the case. And the rule applies where, on the application of defendant, the court had appointed three physicians, one of them a neurologist, to examine plaintiff as to the extent of her injuries, and plaintiff's counsel, in his argument to the jury, censured defendant for failure to call the neurologist, drew an unfavorable inference from his absence, and stated that if he were called he "would tell you that this woman has traumatic neurosis" just as two other physicians and a nurse had done. Whether plaintiff as a result of her injuries had traumatic neurosis which seriously affected her health and comfort being one of the vital issues in the case, the argument was prejudicial.

4. EVIDENCE: Physical Examination of Plaintiff: Appointment of Physician. In an action for damages for personal injuries, the law invests the trial court with authority to appoint physicians to make physical examination of the plaintiff, and the appointment is made, not because defendant can demand it as a matter of right, but by the court in its discretion in furtherance of justice, and because the case calls for the opinion of disinterested and unbiased experts, who must not be friends of either party, but when appointed become, not the witnesses of either, but officers of the court, and no unfavorable comment should be made or inference drawn by either because of the failure of the other to call such experts.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss*, Judge.

REVERSED AND REMANDED.

*T. E. Francis* and *G. T. Priest* for appellant.

(1) The court erred in failing to sustain defendant's motion for a new trial on the ground that the verdict was obtained through the prejudicial argument of counsel for plaintiff to the jury. Beck v. Railroad, 129 Mo. App. 23; Evans v. Trenton, 112 Mo. 390. (2) The court erred in permitting counsel for the plaintiff to

argue and to comment upon the alleged failure of defendant to call to the witness stand Dr. M. A. Bliss, who had been appointed by the court to make an examination of plaintiff. Perkins v. Silverman, 223 S. W. 901; Coosa Portland Cement Co. v. Crankfield, 80 So. 451; Sears v. Duling, 79 Vt. 334. (3) The court permitted counsel in his closing argument to the jury to argue that plaintiff was unfit to become a mother and appealed to the jury to take that into consideration in estimating plaintiff's damages. Haake v. Milling Co., 168 Mo. App. 177. (4) The court erred in permitting counsel for plaintiff in his argument to the jury to call upon the jury to return such a verdict in this case as they would give to their own mother or sister. Haake v. Milling Co., 168 Mo. App. 177; Gungrich v. Anderson, 155 N. W. 379; Hughes v. City of Detroit, 126 N. W. 214; Mortensen v. Bradshaw, 154 N. W. 46.

*W. E. Moser* and *Kelley & Starke* for respondent.

(1) The court committed no error in permitting counsel for plaintiff to argue and comment upon the failure of defendant to call Dr. M. A. Bliss as a witness in this case, because it was justified under the facts and circumstances shown in evidence. Willitts v. Ry. Co., 221 S. W. 66; City of Kennett v. Katz. Const. Co., 202 S. W. 562; Dawson v. Railroad, 193 S. W. 50; Sinclair v. Tel. Co., 195 S. W. 559; Brandt v. Schuchmann, 60 Mo. App. 72. (2) The trial court is in a much better position than an appellate court to determine whether improper influence was exerted by the argument complained of, because the lower court heard and passed upon the objections made by defendant's counsel to the argument alleged to have been prejudicial. These matters were again called to its attention in defendant's motion for a new trial, and in oral argument in support of said motion, and, after considering the same, the court overruled defendant's motion for a new trial. Norris v. Railroad, 239 Mo. 720; Wendler v. Furnishing Co., 165

Mo. 542; Lefever v. Stephenson, 193 S. W. 844. (3) If defendant's counsel believed that the argument of plaintiff's counsel was really prejudicial to defendant's rights he should, at the time, have requested the trial court to administer a more pointed reprimand, or moved the court to discharge the jury, which he failed to do. State v. Harrison, 263 Mo. 662; Harriman v. Dunham, 196 S. W. 446; State v. Raftery, 252 Mo. 83; State v. Butler, 258 Mo. 437; Torreyson v. Rys. Co., 246 Mo. 706; Heinbach v. Heinbach, 274 Mo. 324; McKinney v. Laundry Co., 198 Mo. App. 397; Hartley v. Werner, 196 S. W. 1074; Milliken v. Larrabee, 192 S. W. 106. Even though argument of counsel may be improper it does not constitute reversible error where liability is not contested. Kinney v. Ry. Co., 261 Mo. 116. (4) The errors complained of in defendant's brief herein do not materially affect the merits of the action, because, under the uncontradicted evidence, plaintiff was entitled to recover against the defendant, and the verdict is for the right party. For these reasons appellate courts will not disturb the verdict. Sec. 2082, R. S. 1909; Trainer v. Mining Co., 243 Mo. 374; Shinn v. Railroad, 248 Mo. 180; Lewis v. Barnes, 272 Mo. 412; Orthwein v. Ins. Co., 261 Mo. 663; Finnegan v. Railroad, 261 Mo. 511; Teabeau v. Ridge, 261 Mo. 560; Halasy v. Halasy, 256 Mo. 330; Cohron v. Polk, 252 Mo. 292.

WHITE, C.—This is an action for personal injuries. The plaintiff, in the Circuit Court of St. Louis, recovered judgment in the sum of twelve thousand dollars, from which the defendant appealed.

On the morning of October 3, 1918, the plaintiff, Annie Atkinson, who had employment with the Paris Cloak Company in the City of St. Louis, boarded an eastbound car on Cass Avenue, to go to her work. When the car on which she was riding arrived at Marcus Avenue—which avenue runs north and south—a car on that street collided with the car on which she was riding. The Marcus Avenue car drove into the Cass Avenue car

from the south with a violent crash, which did considerable damage to both cars. The plaintiff was thrown violently across the car from the seat on which she was riding; she received a number of bruises, contusions, and other injuries, which are fully described in the evidence. She suffered a great deal of pain, was incapacitated so that she could not work, and required medical treatment. The evidence was conflicting as to whether or not her injuries were permanent. The evidence for plaintiff tended to show that on account of the shock and the injuries which were received in the collision, her hearing and her vision were impaired, and that she was suffering from traumatic neurosis.

It is a *res ipsa loquitur* case. The principal issue on the trial was as to the extent of the plaintiff's injuries. The errors assigned in this court, to which attention is chiefly directed, consist of remarks made by the attorney for plaintiff in his argument to the jury. It was further complained that under the circumstances the verdict was excessive, and that there was error in the instruction on the measure of damages. It is unnecessary to review the evidence at any length.

I. It is contended that the argument of counsel for the plaintiff in his address to the jury was flagrantly improper, and requires a reversal. This argument and the colloquy interjected into it, with objections, are set out at some length in the abstract of the record. Several different aspects are presented:

*Argument to Jury.*

(a) A number of statements made by Mr. Kelley, attorney for plaintiff, in the progress of his argument, when objected to, were held improper by the court. In each of such instances Mr. Kelley, so far as the record shows, refrained, and directed his argument to other lines; there is nothing to show that he transgressed any order of the court, and nothing more than often appears in cases where there is a heated argument, with interruption as it proceeds. We do not find there was any error in that respect.

(b) Mr. Kelley proceeded to characterize the attitude of the defendants in the case as an attempt to "belittle" the plaintiff and "minimize" her injuries. Appellant's counsel objected, but the remarks of the plaintiff's attorney were allowed to stand. The only issue in the case over which there was any contest was as to the extent of the plaintiff's injuries—the plaintiff introducing testimony to show that she was greatly injured, and the defendant introducing testimony to show that she was not injured so much as she claimed. Perhaps the remarks of counsel were not as felicitous, nor as apt, as they might have been when he used the words "belittle" and "minimize," but there was no impropriety in the characterization of defendant's efforts. The remarks did not carry with them any suggestion of an unfair attempt to discredit witnesses for the defendant.

(c) Mr. Kelley then made this remark: "Whenever you shatter her nerves, you unfit that woman to become the wife of a man; you unfit her to ever become the mother of children."

The court was asked to reprimand the plaintiff's attorney on the ground there was no evidence that the plaintiff by her injuries had been made unfit to become a wife or a mother. It will be noticed that the statement of the attorney was not that there was evidence directly indicating such result. He was reasoning from the facts before the jury. The evidence showed the plaintiff's nerves were shattered and he was arguing as a deduction from that fact, that the woman was made unfit for the office of motherhood. The most defendant could claim in that respect was that the argument was unsound; that the facts did not warrant the deduction; but if this Court should reverse every case where a lawyer made an unsound argument or drew an unwarranted conclusion from given premises, few cases would stand the test. There was no error in allowing the argument to stand.

(d) The argument as it proceeded took this turn:

"MR. KELLEY: They had this doctor in this case with the report—it is admitted in this record at Mr. Priest's own request, that Dr. M. A. Bliss, a neurologist of note in this city, to make an examination, at

**Failure to Call Physician.** their cost and expense, of the plaintiff in this case. . . . Why didn't Dr. Bliss come on here, if there is nothing the matter with her nervous system, and tell you? Why didn't they put him on the stand? Why did they single out these men? Very funny! They put on Dr. Keller and Dr. Dames at the same time and left Dr. Bliss away from here and not let you hear him. Why? They knew he was a neurologist; they knew that he had seen this woman and that he had made tests and that he had drawn conclusions and arrived at conclusions. I will tell you, gentlemen, you can't draw but one conclusion from it, and that is that Dr. Bliss would tell you that this woman has traumatic neurosis, just like Dr. Hoge told you that she has, like Dr. Kinder told you she has, that the nurse said that she is suffering from now, and they don't want it; that's the reason they didn't do it."

On the application of the defendant the court had appointed three physicians, Dr. Dames, Dr. Keller and Dr. Bliss, to examine the plaintiff as to the extent of her injuries. Dr. Dames was an aurist, Dr. Keller an oculist, and Dr. Bliss a neurologist. Those three specialists were to examine the three special results of which plaintiff complained—her defective vision, her defective hearing, and her neurotic condition. Drs. Dames and Keller were called by the defendant, and testified. Dr. Bliss was not called and defendant asserts that the reference to that fact by Mr. Kelley was very prejudicial.

Where a party fails to call a witness under his control or with whose testimony he is particularly acquainted, and of which the other party is ignorant, it is not improper for counsel on the other side in the argument to comment on the failure to produce such witness. This is particularly true where a party fails to call his own physician. [Evans v. Town of Trenton, 112 Mo. 390.

l. c. 403; Willits v. C. B. & Q. R. R. Co., 221 S. W. 65.] In such cases, of course, the other side could not produce such a witness, because the knowledge which the witness acquired by examination of the plaintiff was privileged—a privilege which could be waived by the plaintiff.

The rule seems to be general that no unfavorable inference may be drawn, and no unfavorable comment be made, by counsel in his arguments on account of the absence of a witness whose evidence is equally accessible to both parties. It is reversible error to permit an argument of that character. [38 Cyc. p. 1491; Sears v. Duling, 79 Vt. 334; Green v. LaClaire, 89 Vt. 346; Gulf, C. & S. F. Ry. Co. v. Sullivan, 178 S. W. (Texas) 615, l. c. 618.] The respondent seems to admit the rule, but claims that inasmuch as Dr. Bliss was appointed by the court on the application of the defendant, he is the defendant's witness and the plaintiff had not equal access to what he knows. It becomes then necessary to inquire by what authority the court makes such an appointment.

The law invests the trial court with authority to appoint physicians to make physical examination of the plaintiff in a physical injury suit. The defendant cannot demand it as a matter of right, but the court in its discretion may do it in the furtherance of justice. [Graham v. Sly, 177 Mo. App. l. c. 353; Sidekum v. Ry. Co., 93 Mo. 400, l. c. 403; Norton v. Ry. Co., 40 Mo. App. l. c. 646.] When the court makes such an appointment he does so because he determines in his discretion that the case calls for the opinion of disinterested and unbiased physicians, not friends of either parties, whose testimony is likely to be biased. [Fullerton v. Fordyce, 121 Mo. l. c. 10; Owens v. Railroad, 95 Mo. l. c. 178; Shamp v. Lambert, 142 Mo. App. l. c. 576.] This court in case of State ex rel. v. Anderson, 194 S. W. 268, placed the authority of the court in such cases upon the same ground as the general power to compel a discovery. Wigmore on Evidence, vol. 3, sec. 2194, treats of the subject in the same manner and says:

"Apart from specific privileges, then, a person is bound, if required, to furnish evidence by exhibiting his *corporal features,* his *chattels,* and his *premises,* to the inspection of the tribunal or *its duly delegated officers.*"

Wigmore then quotes from a Federal Decision of Justice BREWER, as follows:

"A person who testifies to his physical condition may be compelled (there being no improper exposure of person) to *uncover his body, that the jury may see* whether there be such a physical condition as he has testified to."

The power to make such an appointment involves an order requiring the plaintiff to submit to examination. The court could not compel plaintiff to submit to such examination by the witnesses for the other side. The physicians appointed in such cases are the officers of the court. The order is made because an exhibition to the jury or the court, of the infirmities about which the injury is made, would not disclose the facts as fully and clearly as the examination of experts would reveal them. There is no ground for saying that Dr. Bliss was a witness of the defendant.

The Kansas City Court of Appeals held that it was improper for plaintiff's counsel to argue to the jury that defendant had a right to have a physician appointed to examine the plaintiff's injuries, and reversed a case because such argument was permitted. [Stubenhaver v. Kansas City Railways Co., 213 S. W. 144.] [See, also, Bergfeld v. Dunham, 201 S. W. 640, l. c. 641; Perkins v. Silverman, 284 Mo. 238, 223 S. W. l. c. 901.]

It is argued that the remarks of the attorney in this case, if not strictly proper, will not warrant a reversal, unless it appears that prejudice to the other side results. A reading of the evidence shows that the injury of which principal complaint was made in this case was the shock to plaintiff's nervous system. The plaintiff had introduced her physicians who testified to the existence of traumatic neurosis of an aggravated character which very seriously affected her health and comfort. Dr. Bliss

is characterized as a nerve specialist of note, more capable, perhaps, of giving a correct and complete diagnosis than plaintiff's physicians. No one had been called by the defendant to testify upon that feature of the case; it had introduced its ear specialist and its eye specialist.

The argument directed attention to the omission to call Dr. Bliss, as the one man who knew best about plaintiff's neurotic condition, whose acquaintance was well known to the defendant, indicating that he was defendant's own witness, and asked the jury to draw from the incident an inference most favorable to plaintiff's story. It was prejudicial and the court erred in permitting it, so that a reversal is necessary.

II. Error is assigned to the instruction on the measure of damages on the ground that some elements of damage which the jury were required to consider are not justified by the evidence. Inasmuch as we cannot forecast what turn the evidence will take on another trial it is unnecessary to review the assignment. For the same reason it is unnecessary to consider whether the verdict is excessive.

Measure of Damages.

The judgment is reversed and the cause remanded. *Railey, C.,* concurs; *Mozley, C.,* not sitting.

PER CURIAM.—The foregoing opinion by White, C., is adopted as the opinion of the court. All of the judges concur.