CHARLES H. HERRING, JR., Appellant, v. WALTER S. FRANKLIN and
FRANK C. NICODEMUS, JR., Receivers of THE WABASH RAILWAY
COMPANY, a Corporation, et al.—98 S. W. (2d) 619.

Division One, November 12, 1936.

*Trusty & Pugh, Roy W. Rucker, A. D. Campbell* and *Guy Green,
Jr.,* for appellant.

*Homer Hall* and *Lacy & Edwards* for respondents.

PER CURIAM:—Action to recover damages for personal injuries. Charles H. Herring, Jr., was riding in a truck being driven by his employee, C. H. Behring, when the truck was struck by defendant's passenger train at the intersection of Polk Street and the defendant's railroad tracks in the city of Brunswick, Missouri. Herring brought this suit to recover damages for the injuries he received.

The petition alleged negligence on the part of the defendant in violating the speed ordinance of the city of Brunswick, in failing to give sufficient warning of the train's approach, and in failing to sound the statutory warnings. It further charged a violation of the humanitarian rule.

The answer consisted of a general denial, a plea of contributory negligence and an assertion that the speed ordinance was unfair, discriminatory, an unreasonable interference with interstate commerce, and therefore unconstitutional.

Plaintiff requested instructions, referred to as 1 and 2, submitting the assignments of primary negligence above set forth. These instructions were refused. The court however gave plaintiff's instruction submitting the case on the humanitarian doctrine. The jury

returned a verdict for the defendant. Judgment was entered in accordance therewith. This appeal is from that judgment.

Error is assigned to the action of the trial court in refusing instructions 1 and 2 requested by plaintiff and to certain parts of the argument to the jury by defendant's counsel.

First, the assignment relative to the refusal of the instructions. Both instructions were complete and authorized a verdict for plaintiff upon a finding of the primary negligence charged. There was sufficient evidence in support of the assignments of primary negligence, therefore for present purposes we may assume that these instructions should have been given unless plaintiff was guilty of such contributory negligence as would bar his recovery for defendant's primary negligence.

The testimony most favorable to plaintiff's theory that he was not guilty of contributory negligence discloses the following facts:

Plaintiff owned the truck. Behring was driving it. Behring was employed by plaintiff. Under the terms of the employment Behring was to share the profits from the operation of the truck. Behring, plaintiff and a man named Spencer were riding in the truck. All three were sitting on the one seat,—Spencer in the center, plaintiff on the right or west side, and Behring on the left, driving. Polk Street runs north and south. The truck proceeded south on that street until it was within twenty-five or thirty feet of the north rail of the north track where it stopped and plaintiff looked to the west. He could see no train approaching from that direction, although he could see the track for approximately six or seven hundred feet. The driver changed gears and started up at a speed of five or six miles per hour. Approximately two hundred and fifty feet east of the crossing the track curved. Beyond the curve the view from the crossing was obstructed. Neither plaintiff nor the other occupants of the truck looked to the west after the truck started, all of them giving their entire attention to looking to the east. From the point where the truck stopped to the track the road was on a slight incline. After it started forward the truck proceeded at a speed of approximately five or six miles per hour until the front end of the truck was approximately fifteen feet south of the south rail of the south track and the rear end of the truck was about five feet north of the south rail of the south track where it was struck by defendant's eastbound passenger train. There were two tracks at this crossing, the south, or main line, being ten or twelve feet south of the "High Line," or north track. Plaintiff was familiar with the crossing and the speed of trains at this point. He stated the speed was ordinarily from fifteen to twenty miles per hour. He could not judge the speed of the train which hit him as he did not see it until it was "on top"

of them. Other witnesses for plaintiff fixed the speed as high as fifty or sixty miles per hour. The truck was loaded with corn and at the speed it was being driven as it approached the crossing, could have been stopped almost instantly. The weather was clear and the time of the accident eleven fifteen A. M.

Plaintiff's theory is that having once looked for the train and not seeing it, he was then entitled to assume that defendant would operate it in a careful manner both as to speed and proper warnings and in compliance with the local speed ordinance, and that he cannot be guilty of contributory negligence as a matter of law when relying upon that presumption. A great many cases are cited in support of that theory, among them Dempsey v. Horton, 337 Mo. 379, 84 S. W. (2d) 621. In the latter case the rule is thus stated:

"One may not disregard the laws of prudence and exact of others a primary obligation to protect him against his lack of caution. If he exercises due care for his own safety, then, absent information to the contrary, he may rely upon the presumption that others will obey the law."

It will be observed that the rule relied upon requires that due care be exercised before one may take advantage of the presumption. Although that condition is not always clearly stated, yet a careful examination of the many cases announcing the rule will disclose that the condition is implied where it is not expressed. A good illustration of the preceding statement is found in Herrell v. St. Louis-San Francisco Ry. Co., 322 Mo. 551, 18 S. W. (2d) 481, a case very similar to the case at bar on the facts, where we find this statement (1. c. 486):

"Plaintiff testified that, when the car passed the east line of the school building, he looked south, and saw no train, that he then looked north, and before he could look again the engine struck his car."

The implication clearly is that the plaintiff did all that he reasonably could to observe the train's approach. In Advance Transfer Co. v. Chicago, R. I. & P. Ry. Co. (Mo. App.), 195 S. W. 566, the Kansas City Court of Appeals held that since the view was obstructed plaintiff did all that was reasonably required when he stopped and listened. His testimony was that he was struck almost instantly after coming out from behind the obstruction. Again in Underwood v. St. Louis, I. M. & S. Ry. Co., 182 Mo. App. 252, 168 S. W. 803, the Springfield Court of Appeals held that if the plaintiff could have seen the train had he looked his failure to do so was negligence.

In the case at bar plaintiff clearly stated that he looked west no more after the truck started up some twenty-five or thirty feet north of the north track. There was nothing to prevent him doing so except, as he expressed it, the fear of a train from the other direction. There was concededly nothing to have prevented him from seeing the train

had he looked and, according to plaintiff's witness Behring, the driver of the truck, it could have been stopped almost instantly. Under these circumstances the following expression of the Kansas City Court of Appeals in Sandry v. Hines (Mo. App.), 226 S. W. 646, l. c. 648, is applicable:

"It was the duty of plaintiff to use reasonable care in approaching the crossing, and while he was allowed to rely upon the presumption that the engineer of the locomotive would not fail in his duty to give the signal required by law, yet, if plaintiff was heedless or inattentive to his own duties, he could not be allowed to excuse himself. It is said in Burge v. Railroad, 244 Mo. 76, 94, 148 S. W. 925, 929:

"'A railroad crossing is within itself a signal of danger. The law imposes upon the traveler the duty of exercising caution at such places. He must make some effort to find out if there is an approaching train before he drives upon the tracks. He can close neither his eyes nor his ears. The means of self-protection given him must be used. A failure so to do constitutes negligence.'"

In the Sandry case the 'Court of Appeals concluded that the facts did not show contributory negligence as a matter of law. On certiorari to this court we held that conclusion was unwarranted and in conflict with Kelsay v. Railroad, 129 Mo. 362, 30 S. W. 339, hence the opinion was quashed. [See State ex rel. Hines v. Bland (Mo.), 237 S. W. 1018.] In our opinion on certiorari we found no fault with the rule as announced by the Court of Appeals, but in effect held that the quoted rule prevented a recovery under the facts. For that reason the rule quoted from the opinion which was later quashed furnishes a good illustration of both the rule and its proper application.

There was no error in refusing to submit the case upon the assignments of primary negligence. [See also the following cases: Monroe v. C. & A. Railroad Co., 297 Mo. 633, 249 S. W. 644; Evans v. Ill. Cent. Railroad Co., 289 Mo. 493, 233 S. W. 397; Alexander v. A. T. & S. F. Railroad Co., 317 Mo. 996, 297 S. W. 945; Knight v. Wabash Ry. Co. (Mo.), 85 S. W. (2d) 392.]

█ The next assignment of error is that the court erred in permitting counsel for defendant to argue contributory negligence over plaintiff's objection and exception. An examination of the record discloses that there was no exception to the action of the court. The objection was therefore not properly preserved. [Norris v. Whyte, 158 Mo. 20, 57 S. W. 1037; Phillips v. American Car & Foundry Co. (Mo. App.), 287 S. W. 810.]

█ It is further argued that the refusal of the court to direct the jury to disregard counsel's argument commenting on plaintiff's failure to call Mr. Spencer as a witness was error. It will be recalled that Spencer was riding in the truck at the time of the accident. It was admitted that Behring was working for plaintiff. In a written

statement made to defendant's claim agent, Behring stated that Spencer was employed by him. Counsel's argument was therefore not reversible error. [Atkinson v. United Rys. Co., 286 Mo. 634, 228 S. W. 483; Wilson v. J. G. Peppard Seed Co. (Mo. App.), 243 S. W. 390, and cases there cited.]

It is now asserted that Behring's written statement above referred to was not primary evidence of the fact that Spencer was employed by Behring and therefore should not now be considered as evidence of that fact. On cross-examination of Behring the statement was exhibited to him and he was asked if it was his signature appended thereto. Upon receiving Behring's affirmative answer to that question counsel for defendant stated "that is all." Thereupon the following occurred:

"MR. RUCKER: Are you offering that in evidence?

"MR. EDWARDS: Not now.

"MR. RUCKER: If you want to offer it I am perfectly willing you read it now. (To the witness.) That is all, step down.

"THE COURT: You could, if you wish, offer it as part of the cross-examination, that is for you to determine.

"MR. EDWARDS: Yes, we will read it.'"

The statement was then read to the jury by defendant's counsel. Not only was there no objection made to the statement, or any part thereof, but there was no request at any time that its effect should be limited to impeachment purposes. The assignment is therefore without merit. [Courter v. George W. Chase & Son Mer. Co. (Mo. App.), 299 S. W. 622.]

The judgment should be affirmed. It is so ordered.