AUGUSTUS M. JOHNSTON, Respondent, v. CLARK W. WELLS, Appellant.

Kansas City Court of Appeals, May 8, 1905.

1. **ASSAULT AND BATTERY: Exemplary Damages: Jury: Instruction.** It is within the province of a jury if it sees fit to allow exemplary damages, but an instruction which by fair interpretation withdraws such discretion and makes such allowance mandatory. is error, and such an instruction should show facts justifying such damages.

2. ———: ———: **Financial Condition: Fraudulent Conveyances: Instruction.** An instruction properly informed the jury that it might consider defendant's financial condition in fixing exemplary damages, but to add "and the evidence of a transfer of his personal property to his wife since the bringing of this suit," is confusing, since it might mean to punish the defendant for the transfer of his property to his wife.

3. ———: **Evidence.    Expertness in Drawing Pistol.**  Evidence
that "quite a while prior to the trouble" defendant showed a
witness how quickly he could draw a pistol, is held improper,
since it is unconnected with the difficulty under investigation.

4. ———: **Damages: Pleading: Medical Attendance.**  The plead-
ing is held sufficient to justify instructions for an allowance for
loss of time and medical attendance.

Appeal from Livingston Circuit Court.—*Hon. J. W. Alexander,* Judge.

REVERSED AND REMANDED.

*F. Sheets & Sons, B. B. Gill* and *L. A. Chapman,* for appellant.

(1)   The instruction, among other things, tells the jury they may, in estimating plaintiff's damages, take into consideration his loss of time, caused by the injury, and also such reasonable sums of money as plaintiff by reason of his injury has been compelled to and has expended in his efforts to cure the same.   We claim there is nothing in plaintiff's petition containing any allegations for special damages for loss of time by reason of the injuries nor for money expended in his efforts to effect a cure of his injuries.   There was no evidence in the case to justify the giving of such instruction.   1   Estee on Pleading—Special Damages, sec. 1636; 2 Chitty on Pleading; 7 London Ed. and 13 Am. Ed. pp. 854, 855, and 856; O'Leary v. Rowan, 31 Mo. 117; Brown v. Railroad, 99 Mo. 310; 3 Sutherland on Damages, 426; Bliss on Code Pleading (2 Ed.), 297b; State v. Blackman, 51 Mo. 320; Nickelson v. Rogers, 129 Mo. 140. (2) When damages actually sustained do not necessarily result from the act complained of and consequently are not implied by law, the plaintiff must state in his petition the particular damages which he has sustained for notice thereof to the defendant.   Nickelson v. Rogers, 129 Mo. 140; O'Leary v. Rowan, 31 Mo. 118; 3 Sedgwick on Damages, sec. 1261; Chitty's Pleadings, 16 Am. Ed.

410; Coontz v. Railway, 115 Mo. 669; Mellor v. Railroad, 105 Mo. 455; Maxwell on Code Pleading (1 Ed.), p. 601; 2 Greenleaf on Evidence, sec. 89; Richard v. Booth, 4 Wis. 67; Brown v. Railway, 99 Mo. 318; State to use v. Blackman, 51 Mo. 319; Bartley v. Trorlicht, 49 Mo. App. 219. (3) It lies within the discretion of the jury as to whether or not punitive damages will be allowed in any case and is not a question for the court. Carson v. Smith, 133 Mo. 617; Callahan v. Ingram, 122 Mo. 372; Nickelson v. Rogers, 129 Mo. 136; 1 Sedgwick on Damages (8 Ed.), sec. 2; Thomp. on Trials, sec. 2065; Hawke v. Ridgeway, 33 Ill. 473; Railroad v. Rector, 104 Ill. 296; Railroad v. Brooks Admrx., 83 Ky. 129; Bergmann v. Jones, 94 N. Y. 51; Jerome v. Smith, 48 Vt. 230; Wylie v. Smitherman, 8 Ired. L. N. C. 236. (4) The court committed error in the giving of the following instruction for the plaintiff, to-wit: "The court instructs the jury that if they find that plaintiff is entitled to exemplary damages, they have the right to take into consideration the evidences to the financial ability of defendant and the evidence of the transfer of his property to his wife, since the beginning of the suit. 1 Sutherland on Damages (1 Ed.), 744; Morgan v. Durfee, 69 Mo. 469; Millin v. Spangerburg, 112 Ill. 40. (5) The jury may in a proper case allow exemplary damages, and should they allow such damages they may consider any evidence of the defendant's pecuniary condition, wealth, and financial standing, but we think the court erred; we are unable to find any law to the effect that the jury may not only consider what property he may have, but also what property he may not have.

*John H. Taylor* for respondent.

(1) Defendant complains of instruction numbered 7, referred to by him as numbered 6. The petition stated that the injury "caused plaintiff to suffer great mental and bodily pain and suffering and loss of time and in-

Johnston v. Wells.

ability to engage in any kind of profitable labor for his support and livelihood. By all of which he has sustained permanent injuries to his elbow and arm and thereby caused and compelled him to expend large sums of money and incur liability in his efforts to effect a cure of his said injuries." Plaintiff testifies, without objection on the part of defendant, that he was confined to his home for thirty days and carried his arm in a sling for sixty days, that he paid Dr. Stevens $38 for his medical services, and plaintiff and his physician testified that the injury to his elbow was permanent. Under the pleading and evidence the instruction was proper. Smith v. Railway, 119 Mo. 254; Britton v. St. Louis, 120 Mo. 446; Bartley v. Trorlicht, 49 Mo. App. 214; Kupferschmid v. Railroad, 70 Mo. App. 438; Browning v. Railway, 124 Mo. 71; Wood v. Kelly, 82 Mo. App. 598. (2) The instruction told the jury that they had the right to take into consideration the evidence of the financial ability of defendant, if they found plaintiff entitled to exemplary damages, and correctly declared the law. Daily v. Houston, 58 Mo. 368; Beck v. Dowell, 111 Mo. 506. Defendant's own evidence showed that at the time of the difficulty he was worth some ten thousand dollars in real estate, and that afterward, without consideration, this real estate was deeded to defendant's wife, and defendant at the time of the trial was worth about one thousand dollars. There is nothing in this instruction to lead the jury to believe that defendant was to be punished because of the transfer of his property, its only purpose was to show them the actual financial condition of defendant. The amount of the verdict is not excessive and shows that it was not the result of prejudice or passion.

ELLISON, J.—This action is for personal injury inflicted on plaintiff by defendant by shooting him in the arm with a pistol on one of the streets of Chillicothe. The verdict was for plaintiff for five hundred

dollars, actual and three hundred dollars punitive damages.

It appears that bad feeling existed between the parties and there was evidence tending to show that each had made threats against the other. Finally, on the day of the difficulty, while defendant was standing on the sidewalk plaintiff came out of a shop and saw defendant on the walk. Plaintiff looked at the defendant when the latter, with an oath, demanded to know why he was looking at him. Plaintiff replied that he had a right to look at him whereupon defendant attempted to draw a pistol from his hip pocket, but before he could do so plaintiff rushed upon him, pushing him to the ground. While plaintiff was trying to take the weapon from him he succeeded in firing, the ball striking plaintiff in the arm. As the verdict was for the plaintiff, and as we have concluded that error was committed in the progress of the trial, we have drawn the foregoing statement mostly from the view presented by the plaintiff.

We regard instruction numbered eight, in the order set forth in defendant's abstract, as erroneous. It directs the jury to allow exemplary damages if the act was done maliciously, etc. Exemplary damages are allowed as a punishment to the defendant, and whether such punishment will be inflicted in any given case is within the discretion of the jury. It is proper to inform the jury of their province to allow such damages if they see fit to do so, but there should not be a direction given them which, fairly interpreted, withdraws such discretion and makes the allowance mandatory. [Carson v. Smith, 133 Mo. 617; Callahan v. Ingram, 122 Mo. 355; Nicholson v. Rogers, 129 Mo. 136.]

The instruction was otherwise defective by reason of an inadvertent omission to state what it was defendant did justifying such damages.

It seems that there was evidence tending to show defendant's financial condition and situation in order to

enhance the exemplary damages. It also seems that defendant had made a transfer of property to his wife. Instruction nine (in the order printed by defendant) properly informed the jury that they might take defendant's financial condition into consideration in fixing upon a sum, "and the evidence of a transfer of his property to his wife since the bringing of this suit." The clause in quotation, connected as it is, might well be thought to mean that defendant could be punished in an action for assault and battery, for the transfer of property to his wife. If it was meant that the jury could consider with his other property that which had been voluntarily conveyed to the wife to avoid financial obligations, it should be written so as to express that meaning. As written it was confusing, at least.

We think it was also error to allow evidence of an occasion "quite a while prior to the trouble" in which defendant showed a witness how quickly he could draw a pistol. Nothing was said to connect such act with the difficulty, or to show that one was in contemplation.

The criticism and objection to other instructions than those noted herein we regard as not well made in view of the whole evidence.

Concerning the question of impropriety of allowance for loss of time, medical attendance, etc., as authorized by instructions, on account of not being pleaded in the petition, we are of the opinion that the allegations were sufficient to justify the instructions, especially as no objection was made to the petition before trial.

The judgment is reversed and cause remanded. All concur.