STATE OF MISSOURI at the relation of KANSAS CITY PUBLIC SERVICE COMPANY, a Corporation, Relator, v. HOPKINS B. SHAIN, EWING C. BLAND and NICK T. CAVE, Judges of the Kansas City Court of Appeals.—No. 38066.—165 S. W. (2d) 428.

Division Two, November 12, 1942.

*Charles L. Carr* and *Watson, Ess, Groner, Barnett & Whittaker* for relator.

318

*Henry L. Jost* and *Roger C. Slaughter* for respondent Judges and for plaintiff McEntee.

320

WESTHUES, C.—This is a certiorari proceeding in which relator seeks to quash the opinion of the Kansas City Court of Appeals in the case of McEntee v. Kansas City Public Service Company, reported in 159 S. W. (2d) 336.

McEntee obtained a judgment against the Service Company in the sum of $6,500.00, as damages for personal injuries sustained in a collision between a car in which he was riding and a street car operated by the Service Company. The Service Company seeks to quash the opinion on two grounds. First, it is claimed that respondents' opinion holding plaintiff's instructions one, two and three to be proper was in conflict with controlling decisions of this court; and second, that respondents' opinion ruling that the evidence was sufficient to authorize an instruction on permanent damages was in conflict with opinions of this court. We will dispose of these questions in the order stated.

To understand the first point it will be necessary to briefly state the circumstances of the collision which caused McEntee's injuries. McEntee was a member of the Kansas City fire department. Immediately prior to the collision, and in response to a fire call, he and an assistant fire chief were driving eastwardly on Thirty-first street with the siren sounding. As they crossed the intersection of Thirty-first street and Flora avenue McEntee swerved his car to avoid a collision with another car moving into the intersection, and

when he reached a point beyond the intersection his car collided with a west bound street car. An ordinance of Kansas City provides as follows:

" 'The operator of every street car shall immediately stop such car clear of any intersection and keep it in such position until the authorized emergency vehicle . . . shall have passed, . . . ' "

The ordinance specified fire department vehicles to be of the emergency class. With reference to the collision it will be sufficient to state here that plaintiff's evidence tended to show that the street car in question was moving westwardly at the time of the collision and did not stop. On the other hand, on part of the Service Company it was shown that the operator of the street car complied with the ordinance and the street car was standing still at the time of the collision. Thus a question of fact was presented for the jury. The court gave instructions numbers one, two and three at plaintiff's request. It is relator's contention that the instructions imposed a greater duty upon the defendant than the law required and such ruling conflicted with certain opinions of this court which will be hereinafter discussed. Note what relator says in his brief:

". . . said Instructions Nos. 1, 2, and 3, each and all of them, respectively, improperly impose an erroneous and prejudicial additional and absolute duty upon defendant's street car operator to observe and obey the Kansas City Traffic Ordinance and avoid the accident in question without limiting said street car operator's duty to the exercise of the highest degree of care and without limiting, or even submitting, negligence on the part of the street car operator with respect to any failure on his part to exercise the highest degree of care."

The alleged vice in the instructions can be illustrated by a quoting from instruction two. This instruction, after submitting a number of preliminary questions, concluded with the following:

" '. . . that a siren on said automobile and motor car (if so) was sounding audibly, so that (if you so find) the servant and operator of defendant's street car mentioned in evidence actually heard, or in the exercise of the highest degree of care on his part could have heard said siren sounding (if it was sounding), and if such are your findings and you further find from the evidence that defendant's servant and agent in charge of and operating said street car did not immediately bring the same to a stop, then defendant was negligent in the operation of said street car.' "

Relator insists that respondents' opinion conflicts with a number of our opinions, especially Oesterreicher v. Grupp, 119 S. W. (2d) 307, l. c. 308, 309 (1, 2). In that case an instruction was condemned because it placed a greater duty upon defendant than the law required. The portion of the instruction condemned reads as follows:

" 'The Court instructs the jury that under the law it was the duty of the plaintiff at the time and place described in the evidence to exercise the highest degree of care in the operation of his motorcycle and avoid colliding with defendant's automobile.' "

In that case there was a verdict for the defendant and the plaintiff appealed. The defendant conceded and this court held that the instruction did cast too great a burden upon the operator of the motorcycle. The case, however, is not in point here. No such duty was cast upon the Service Company by the questioned instructions. The instructions informed the jury that it was the duty of the operator of a street car to exercise the highest degree of care to discover the car of the fire department. That duty was imposed by ordinance. The instructions further informed the jury that it was the duty of the driver of the street car to immediately bring the street car to a stop after discovering a fire department vehicle. That duty was also imposed by ordinance. The discovery of a fire department vehicle is treated the same as the discovery of 'the red sign on "stop" and "go" signals used at busy street intersections. Under the ordinance the question of whether it is safe to proceed under such circumstances is not left to the operator of a street car. In Hogan v. Fleming, 317 Mo. 524, 297 S. W. 404, cited by relator, this court was dealing with a situation where there was no absolute duty on part of the street car operator to stop the car. That fact renders the case inapplicable to the present situation. As we see it the instructions cast no greater duty upon the defendant Service Company than the ordinance required. The operator of the street car understood that duty and he testified that he noticed the fire department car and immediately brought his street car to a stop. The instructions did not impose the duty upon the street car operator to avoid the collision as did the instruction in the Oesterreicher case. They authorized a verdict for the defendant if the jury found that the operator of the street car did comply with the ordinance. There was no plea or contention that by some unforeseen event the operator of the street car was unable to stop. We need not discuss the other cases cited by relator as they do not apply to the situation we have before us. Some of the other cases are, Nagy v. St. Louis Car Co., 37 S. W. (2d) 513, l. c. 514, 515 (1-2); State ex rel. Snider v. Shain, 345 Mo. 950, 137 S. W. (2d) 527, l. c. 528, 529 (6); Hogan v. Fleming, 317 Mo. 524, 297 S. W. 404. We hold that the respondents' opinion on this point does not conflict with any ruling made by this court in the cases cited by relator.

Now as to the ruling that the evidence justified an instruction authorizing the jury to find that McEntee had sustained permanent injuries. The applicable rule often approved will be found in Weiner v. St. Louis Public Service Co., 87 S. W. (2d) 191, l. c. 192 (1). It reads as follows:

" 'To recover damages for permanent injury the permanency of the injury must be shown with reasonable certainty and while absolute certainty is not required mere conjecture or likelihood, or even a probability, of such injury will not sustain the allowance of damages therefor.' "

Relator cited the Weiner case, supra, and also Plank v. R. J. Brown Petroleum Co., 332 Mo. 1150, 61 S. W. (2d) 328; Derschow v. St. Louis Public Service Co., 339 Mo. 63, 95 S. W. (2d) 1173; Lebrecht v. United Rys. Co. of St. Louis, 237 S. W. 112. Relator contends that respondents' opinion is in conflict with all of the above cases. See 159 S. W. (2d) 345 (8), where respondents in passing on this question had the following to say:

"Defendant in its specification No. 5 complains of submission for permanent injuries. We have set forth, supra, the evidence touching injuries received by plaintiff. We conclude that the evidence shows that the injuries were of such a nature as to make the permanency apparent to a person of ordinary intelligence and, therefore, the submission of the issue did not constitute error. Clark v. Mississippi River & B. T. Railway Co., 324 Mo. 406, 23 S. W. (2d) 174."

In the Clark case cited in respondents' opinion this court held there was no evidence to justify a finding of permanent injuries. In commenting on this question the court, at page 179 of 23 S. W. (2d), quoted the following from Wilbur v. Ry. Co., 110 Mo. App. 689, 85 S. W. 671, l. c. 673:

" 'Notwithstanding the adverse opinion of his medical experts had his injuries themselves been of such a nature as to make their permanency apparent to a person of ordinary intelligence, the plaintiff would have been entitled to have this fact considered by the jury as an element of damage. But in the very nature of his injuries their duration was necessarily a matter of pure guesswork.' "

We find no fault with the declaration of law as announced in respondents' opinion. But the injuries of McEntee, as disclosed by the evidence quoted in the opinion, were not of such a nature as to make the permanency apparent to a person of ordinary intelligence. True McEntee suffered a fracture of the ilium, being the large bone that forms a support of the body. It was fractured at the point where it joins the sacrum and involved the sacroiliac joint on the right side. But as will be seen by a careful reading of the evidence set forth in respondents' opinion (159 S. W. (2d) l. c. 340, 341) Dr. Wilmot Gist, who treated McEntee and testified for him, did not say that the injuries were permanent. We quote the evidence most favorable to McEntee upon this point:

" 'Q. Do you have an opinion as to what his prospect is for the future? A. It is very difficult to say in some of these back injuries, because some never get well at all; they carry them for an indefinite length of time, and very frequently injuries of this kind will go

for several years or more. In the particular instance, where he had a fracture that enters the sacroiliac joint, which is always on a constant strain, even from standing up, it is very foolish to say it will be well in two or twenty years, because I don't know just what is going to happen.

" 'Q. Have you any opinion as to whether there is any reason to think he will be well in a short period of time? A. No, I don't.

" 'Q. I mean, do you have an opinion? A. I don't think he will be well in a short time, due to the nature of the injuries and the severity of the injuries of this particular person—for instance, the sacroiliac joint and back, I think with an undue strain on them, such as lifting, and doing manual labor, or anything like that, it will have a tendency to recur.' "

That evidence, and in fact all the evidence quoted in respondents' opinion, does not meet the requirement of the rule as set forth in the above cases. Under those rulings the evidence was insufficient to prove with reasonable certainty that McEntee sustained a permanent injury. If the doctors who were experts on this question and who treated plaintiff would not say that the injuries were permanent then certainly a jury composed of laymen would not be justified in making such a finding. We can visualize a situation where despite evidence to the contrary by medical experts an injury may be considered permanent, but this is not such a case. We desire, however, to call attention to the opinion in the Plank case, supra, and observe that in that case the quoted evidence disclosed that a doctor testified the injuries sustained by the plaintiff would definitely shorten plaintiff's life. That fact seems to have been overlooked when the question of whether the injuries were permanent was considered. See Plank v. R. J. Brown Petroleum Co., 61 S. W. (2d) 328, l. c. 333, 334, 332 Mo. 1150. Also, the observation made in that case, that even if plaintiff was then afflicted with pulmonary tuberculosis that would not necessarily mean that plaintiff sustained a permanent injury, was obiter. Such fact was not in the case. It is not common knowledge that fractures of bones and sacroiliac sprains are permanent injuries. In some such cases the injuries are of a nature that the medical experts consider the condition permanent. See Brunk v. Hamilton-Brown Shoe Co., 334 Mo. 517, 66 S. W. (2d) 903, l. c. 910 (26). In other cases of that nature the doctors do not consider the injuries permanent. See Lebrecht v. United Rys. Co. of St. Louis, 237 S. W. 112, l. c. 113 (1). So we conclude that as a general rule fractures of bones and involvement of the sacroiliac joint are not injuries that may be considered permanent absent substantial evidence to that effect. That portion of respondents' opinion holding that the evidence was sufficient to authorize a recovery for permanent injuries conflicts with the rulings made in the cases discussed.

Respondents' opinion also mentioned that the Service Company had not made any claim that the verdict was excessive. A ruling made by the St. Louis Court of Appeals in the case of Higgins v. Terminal R. Assn. of St. Louis, 231 Mo. App. 837, 97 S. W. (2d) 892, l. c. 897 (7), was quoted as authority that unless such a point was made an instruction authorizing permanent damages when not supported by evidence was harmless error. Relator and respondents both briefed this point. Respondents in their opinion did not, however, make any definite ruling on this question. The writer of this opinion has not discovered any case where the point was ruled directly by this court. However, in many cases in this court as well as in the Courts of Appeals the question of the propriety of an instruction upon permanent damages has been considered without any mention being made of whether the party had also complained of the verdict being excessive. See Derschow v. St. Louis Public Service Company and Weiner v. St. Louis Public Service Co., supra, and the following cases from the courts of appeals: Putnam v. Unionville Granite Works, 122 S. W. (2d) (K. C.) 389; Farrell v. Kroger Grocer & Baking Co., 71 S. W. (2d) (St. L.) 1076; Chilcutt v. LeClair, 119 S. W. (2d) (Spr.) 1. Note that the St. Louis Court of Appeals in a case subsequent to the Higgins case reversed a judgment where an instruction was given authorizing permanent damages, absent evidence to sustain the same, and no mention was made of an assignment of error that the verdict was excessive. See Svehla v. Taxi Owners Assn., 157 S. W. (2d) 225, l. c. 228 (7). In the Higgins case the judgment was reversed and the cause remanded on other grounds. The ruling in the Higgins case seems not to be supported by any cases and we do not deem it to be a sound rule.

The opinion of respondents in so far as it holds the evidence to be sufficient to sustain damages for permanent injuries is hereby quashed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All of the judges concur.