Archie HOFFMAN (Plaintiff) Respondent,

v.

ILLINOIS TERMINAL RAILROAD COMPANY, a Corporation (Defendant) Appellant.

No. 29028.

St. Louis Court of Appeals.

Missouri.

Jan. 18, 1955.

Ely & Ely, Robert C. Ely, St. Louis, for appellant.

Glennon T. Moran, St. Louis, for respondent.

HOUSER, Commissioner.

This is an action for damages for personal injuries brought by Archie Hoffman, a passenger, against Illinois Terminal Railroad Company, a common carrier. From a judgment of the Circuit Court of the City of St. Louis entered upon a jury verdict for plaintiff for $2,000 defendant has appealed to this court.

In his petition plaintiff alleged that while a fare-paying passenger he sustained permanent injuries when he was caused to be thrown and fell from a bus owned and operated by defendant, as a result of defendant's negligence in suddenly stopping the bus as plaintiff was preparing to alight. Defendant's answer denied the allegations of the petition, generally and specifically.

For its first point defendant asserts that the court erred in submitting permanent injuries as an element of damages. In answer to a hypothetical question during his

direct examination plaintiff's doctor testified that the accident aggravated a preexisting condition of hypertrophic arthritis in the left hip, caused pain as a manifestation, and that in his opinion "that condition" will remain permanent. On cross-examination, however, the doctor testified that the permanent condition to which he was referring in his previous testimony was the presence of calcium deposits. These deposits had accumulated as the result of an old hip injury which occurred 25 years previously, and were not attributable to the instant injury. Then the following questions and answers appear of record:

"Q. Now, you said that in your opinion this condition is permanent, is that right? A. That's right.

"Q. Now, the condition that you are referring to when you said that is the presence of the calcium deposits? A. Yes; they will not be changed; they will remain there or build up, which I don't know what it will do, either be stationary or build up.

"Q. What I want to get straight, the question just before that one was whether in your opinion the accident on October 31st of 1952 aggravated the arthritic condition, and you said yes, in your opinion, it did. Then you were asked if the condition were permanent. I want to be sure the condition that you were referring to as being permanent is the presence of the calcium deposit and that is all; is that right? A. Well, that may. To be very technical, we have several factors: the condition which was present, and then we have the factor of the pain also; I mean we don't want to disregard that if we get down to technical points, but as far as that remaining permanent, yes.

"Q. When you say that will remain permanent, what do you mean? A. The calcium deposits and the narrowing there."

We are not called upon to decide whether the testimony of the doctor on direct examination, standing alone, would have authorized the submission of the question of permanent aggravation of a preexisting arthritis, because it is obvious that his direct testimony did not reflect the doctor's actual and final opinion. On cross-examination the doctor explained his views in more detail, and finally stood upon the opinion that it was the condition of calcium deposits and narrowing, and inferentially not the aggravation and pain, that was permanent. When all of the doctor's testimony was in it was apparent that he repudiated aggravation of the preexisting arthritis as a permanent effect of the injury. Consequently his original testimony, which seemingly linked aggravation and pain with permanency, no longer had any probative force. See Carrow v. Terminal R. Ass'n of St Louis, Mo.App., 267 S.W. 2d 373, loc. cit. 378. Nor does plaintiff's own testimony make out a submissible case of permanent injury. He testified that for 4 or 5 years after the injury which occurred 25 years ago he had pain in his hip and back, but that he got over the pain and for 20 years had been free of pain. In the instant case his head struck a pole and he reeled around and struck his hip against a building. His back, hip and leg bothered him. He had pain and stiffness. After the injury on Friday he consulted a doctor on the following Monday. After three unproductive visits he did not return to that doctor. His legs kept bothering him, however, and he got "worse and worse." Finally, 5 or 6 months after the accident, he went to another doctor. He was having sharp pain all the time. He could not sleep at night. At the time of the trial, 14½ months after the accident, he said that it bothered him all the time. He testified that when he gets up in the morning he is stiff and sore, and after working all day he sometimes feels like he can hardly get home. He cannot sleep. He cannot lie on his left side at all. The condition at the time of trial was substantially "the same as it was." Although plaintiff's own evidence would warrant a finding that he will have pain and difficulty in the future, there is nothing in this record to indicate how long in the future it will continue. " 'To say of a thing it is permanent means

that it will continue regardless of a contingency or fortuitous circumstance.'" Plank v. R. J. Brown Petroleum Co., 332 Mo. 1150, 61 S.W.2d 328, loc. cit. 334. "To recover damages for permanent injury the permanency of the injury must be shown with reasonable certainty and while absolute certainty is not required mere conjecture or likelihood, or even a probability, of such injury will not sustain the allowance of damages therefor." Weiner v. St. Louis Public Service Co., Mo.Sup., 87 S.W.2d 191, loc. cit. 192. Taken as a whole the record does not support the instruction authorizing a recovery for permanent injuries. Brooks v. McCray, Mo.App., 145 S.W.2d 985; Weisman v. Arrow Trucking Co., Mo.App., 176 S.W.2d 37. Where there is no evidence to substantiate a finding of permanent injury it is reversible error to submit the question to the jury State ex rel. Kansas City Public Service Co. v. Shain, 350 Mo. 316, 165 S.W.2d 428; Weiner v. St. Louis Public Service Co., supra.

Defendant next makes the point that the court erred in refusing to permit defendant's attorney to cross-examine plaintiff concerning certain allegations in his petition which were at variance with his testimony. The *original petition* charged that plaintiff was thrown from defendant's bus "to the pavement." According to his *testimony* he was thrown from the front door of the bus into a telephone pole which dazed him, and then he reeled around and struck a building with his left hip. He did not at any time testify that he fell to the pavement. Defendant's counsel at first undertook to offer the original petition in evidence. The offer was not pressed after the court suggested that such an offer would constitute a waiver of defendant's right to request a directed verdict. The court then sustained plaintiff's objection to further reference to the petition unless it be introduced in evidence. Defendant's counsel then inquired if the ruling meant that defendant might not cross-examine plaintiff on the contents of the petition, and the court answered "Yes, sir," thus cutting off any inquiry into the variance between plaintiff's original petition and his testimony.

Plaintiff's counsel cites Lammers v. Greulich, Mo.Sup., 262 S.W.2d 861, as a "full answer" to defendant's argument. The opinion in that case reaffirms the rule that admissions in pleadings cannot be regarded as evidence unless the pleadings are introduced on the trial at the proper time and in the proper manner. Defendant, however, is not complaining of the ruling of the court with respect to the offer of the petition in evidence. Defendant is complaining of the action of the court in restricting the scope of his cross-examination, a complaint which is well taken. Wide latitude is to be allowed in the cross-examination of a party to the action who offers himself as a witness. Kidd v. Kidd, Mo. App., 216 S.W.2d 942. The variance between plaintiff's pleading and plaintiff's testimony bore directly on plaintiff's credibility as a witness. The subject of the proposed cross-examination was relevant, competent and material. We approve what was said in Kroger Grocery & Baking Co. v. Stewart, 8 Cir., 164 F.2d 841, loc. cit. 844, in a very similar situation:

"Counsel for the defendant had the right to cross-examine the plaintiff with respect to apparent discrepancies between the allegations of her pleadings and her testimony at the trial, and to show, if he could, that she had changed her story as to how and where she fell and as to what caused or contributed to the injuries she received. * * *

"To cut off all inquiry on a subject with respect to which the defense was entitled to make reasonable inquiry is an abuse of discretion and prejudicial error. * * *"

For its next point defendant claims that the court erred in overruling its motion for a mistrial when plaintiff's attorney argued to the jury that defendant could have had plaintiff examined by any doctor of its choice but did not do so. Although not necessary to a decision of this appeal, we will consider the point for the guidance of counsel in the event the case is retried. Prior to trial defendant did not request a medical examination of plaintiff by a doctor of its

own choosing under Section 510.040, RSMo 1949, V.A.M.S. In his final appearance before the jury counsel for plaintiff argued that although defendant had the *opportunity* and the *right* to have plaintiff examined by any doctor of its choice in St. Louis or in the entire United States, it did not do so. The plain inference to be drawn from his argument was that any medical examination of plaintiff would have confirmed plaintiff's claim that he sustained severe and permanent injuries; that if plaintiff's injuries were not as serious as he claimed defendant would have availed itself of the opportunity of having him examined by a doctor of its own choice, and that the failure to exercise this right was a tacit admission that plaintiff's injuries were of the serious nature and character testified to by plaintiff and plaintiff's doctor.

■ The argument was improper and prejudicial. Stubenhaver v. Kansas City Rys. Co., Mo.App., 213 S.W. 144; Bergfeld v. Dunham, Mo.App., 201 S.W. 640; Atkinson v. United Rys. Co., 286 Mo. 634, 228 S.W. 483, loc. cit. 485. Under § 510.-040, supra, defendant was not entitled as a matter of right to a physical examination of plaintiff by court order. While such an order "may" be granted "for good cause shown" the issuance or denial of the order is a matter resting within the discretion of the court. See Bucher v. Krause, 7 Cir., 200 F.2d 576, loc. cit. 584, and The Italia, D.C. N.Y., 27 F.Supp. 785, loc. cit. 786, for similar constructions of Federal Civil Rule 35 (a), 28 U.S.C.A., which in this particular is the same as § 510.040, supra. There was no basis for the argument that defendant had a right to the examination. Nor was there any obligation on defendant to request a physical examination of plaintiff. A defendant is entitled to decide for itself whether such an examination is necessary or expedient in order to protect its interests in preparation for trial, and if defendant determines not to request an examination it should not be subjected to any unfavorable inference arising out of its failure to do so.

■ The trial judge is invested with a judicial discretion in determining what corrective action is appropriate and sufficient in such a case, and although reviewable his action will not be reversed unless it is manifest that he has been guilty of an abuse of judicial discretion. McClintock v. Terminal R. R. Ass'n of St. Louis, Mo.App., 257 S.W.2d 180, and cases cited. In the instant case the court sustained an objection to the argument, instructed the jury to disregard it, admonished the jury that defendant was under no obligation to have plaintiff examined, and stated that the failure to have plaintiff examined should not be commented on. The court did not strike the argument, and defendant's counsel made no motion to strike. Nor did defendant's counsel request that the court reprimand counsel for plaintiff, although a mild reprimand was inherent in the court's statement that the failure to have plaintiff examined "should not be commented on." Doubtless it would have been preferable had the court more fully explained to the jury that under the statutes of Missouri defendant did not have the absolute right to a physical examination of plaintiff; that the granting of such an order was discretionary with the court and that the jury should not draw any unfavorable inference against defendant because it did not try to procure an examination of plaintiff. Perhaps a more emphatic expression of disapproval and a more vigorous reprimand was in order. We need not determine, however, whether the court abused its discretion. The question is academic on this appeal in view of the necessity of remand on other grounds. Suffice it to say that upon a retrial the argument should not be made. In this connection see Hankins v. St. Louis-San Francisco R. Co., Mo.App., 31 S.W.2d 596, and O'Donnell v. St. Louis Public Service Co., Mo. App., 246 S.W.2d 539.

Defendant also raises the point that the verdict is excessive, but in view of the necessity of remand it is not necessary to review this phase of the case.

For the reasons given it is the recommendation of the Commissioner that the

judgment of the circuit court be reversed and the cause be remanded for a new trial.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, reversed and the cause remanded for a new trial.

RUDDY, Acting Presiding Judge, and BLAIR, Special Judge, concur.