Ray SIMMONS, a minor, by his next friend, Vivian V. Simmons, Plaintiff-Respondent,

**v.**

Leonard L. JONES, Defendant-Appellant.

No. 8083.

Springfield Court of Appeals.

Missouri.

Oct. 31, 1962.

Frank R. Birkhead, Carthage, for defendant-appellant.

Frieze & Crandall, Carthage, for plaintiff-respondent.

STONE, Judge.

In this jury-tried action for damages on account of personal injuries alleged to have been sustained in a rear-end vehicular collision, plaintiff, Ray Simmons, obtained a verdict for compensatory damages of $5,-000 and for punitive damages of $1,000; and, from the judgment entered thereon, defendant, Leonard L. Jones, appeals. It should be recorded preliminarily that counsel, who had conducted the trial on defendant's behalf and had prepared his appellate brief, withdrew from the case without explanation four days before the date set for argument and submission in this court. Thereafter, in keeping with the highest traditions of professional service, Frank R. Birkhead, Esq., quickly stepped into the breach and ably presented defendant's cause on the brief theretofore filed. To clear away the procedural underbrush, we also

observe that, since defendant's-appellant's motion for extension of time for filing the transcript on appeal was sustained on July 18, 1962, it necessarily follows that plaintiff's-respondent's motion to dismiss the appeal, predicated on defendant's failure to file the transcript within the time permitted by V.A.M.R. Rules 82.18 and 82.19, should be and accordingly is overruled.

■ Since defendant's liability for the accident has not been questioned seriously and since neither of his two points on appeal goes to the issue of liability, a brief factual statement concerning the collision will suffice. About 8:15 A.M. on Saturday, October 8, 1960, plaintiff (then twenty days short of his twentieth birthday), alone in his father's 1955 Ford tudor sedan, was traveling north on Garrison Avenue in Carthage, Missouri. As he approached the intersection of Garrison and 4th Street, the automatic traffic control signal light at that intersection changed to red or "stop" for northbound traffic on Garrison and, in obedience thereto, plaintiff stopped. Some five to twenty seconds later (depending upon whose estimate of time is accepted), the automobile driven by plaintiff was struck in the rear by a northbound 1958 Chevrolet automobile then being driven by defendant at a speed of twenty-five to thirty miles per hour. At the moment of collision, plaintiff had his foot on the brake pedal but, even so, the impact forced his automobile forward ten to fifteen feet. In plaintiff's words, the impact "knocked me down in the seat"—"I went over to the right side . . . down to the side, and I caught my (left) hand on the floor." Defendant, forty-nine years of age, who had gone off duty at a nearby chemical plant at 7 A.M., made the familiar admission of having had two beers [cf. Jones v. Fritz, Mo.App., 353 S.W.2d 393, 394] and tendered the ready explanation that, at the time of accident, he was "coming up town" for cigarettes before going home. But, without reciting the ugly details pertaining to defendant's condition and conduct immediately following the accident, it will suffice to say that plaintiff's evidence supported the pleaded charge that defendant "was highly intoxicated and in a drunken condition."

Defendant's first point is "that the court erred in admitting evidence of life expectancy and instructing on future losses, without substantial evidence of permanency." It may be conceded that, *if* proper disposition of this point necessitated determination of whether or not instant plaintiff made a submissible showing of *permanent* injury, we would be confronted with a question close and vexing on the medical evidence presented, although resolution of the question would be governed by a legal principle frequently enunciated with definitive clarity, i. e., that, even though the permanency of an injury need not be demonstrated with absolute certainty, it may not be found on the basis of conjecture, likelihood or even probability. State ex rel. Kansas City Public Service Co. v. Shain, 350 Mo. 316, 323, 165 S.W.2d 428, 430(2); Roderick v. St. Louis Southwestern Ry. Co., Mo., 299 S.W. 2d 422, 425(2); Kiger v. Terminal R. Ass'n. of St. Louis, Mo., 311 S.W.2d 5, 14(17); Fann v. Farmer, Mo.App., 289 S.W.2d 144, 150(13); Berry v. McDaniel, Mo.App., 269 S.W.2d 666, 673(13).

■■ However, as the language of the quoted point suggests and recognizes, in his instruction 1 (the only instruction on compensatory damages) instant plaintiff did *not* submit or seek to recover damages for *permanent* injury [contrast Leavitt v. St. Louis Public Service Co., Mo.App., 340 S.W.2d 131, 139–141; Heibel v. Robison, Mo. App., 316 S.W.2d 238, 241–242; Brown v. Kansas City, Mo.App., 311 S.W.2d 360] but rather (to borrow the terse terminology of the quoted point) for *"future losses"* or (to paraphrase the language of instruction 1) for such *future pain and suffering* and such *future loss of earnings* (after plaintiff had attained the age of twenty-one years) as the jurors might find from the evidence that plaintiff was reasonably certain to sustain on account of his injury. For inclusion of *future pain and suffering* and *future loss of earnings* as elements which might be considered in assess-

ing compensatory damages, "substantial evidence of permanency" of plaintiff's injury was *not* an essential prerequisite, for, as many cases have pointed out, "there is a distinction between damages which may reasonably result in the future and damages allowable as for a permanent injury." Plank v. R. J. Brown Petroleum Co., 332 Mo. 1150, 1164, 61 S.W.2d 328, 334(6); Weiner v. St. Louis Public Service Co., Mo. (banc), 87 S.W.2d 191, 192; Gulley v. Spinnichia, Mo.App., 341 S.W.2d 301, 307; Heibel v. Robison, supra, 316 S.W.2d loc. cit. 242; Brown v. Kansas City, supra, 311 S.W.2d loc. cit. 362. See also Pender v. Foeste, Mo., 329 S.W.2d 656, 663, and Hoffman v. Illinois Term. R. Co., Mo.App., 274 S.W.2d 591, 593. Assuming, for the purposes of this opinion, that instant plaintiff fell short of a submissible showing that he had sustained *permanent* injury, we nevertheless could not convict the trial court of reversible error in "instructing on future losses" (i. e., in giving plaintiff's instruction 1) on the *sole* ground assigned in the quoted point (i e., that such instruction was given "without substantial evidence of permanency"), to which ground we should and do confine ourselves.

It may not be inappropriate to note that, in thus ruling on its merits the complaint "that the court erred in . . . instructing on future losses without substantial evidence of permanency," we have passed the fact that neither in the quoted point nor in argument thereof is the criticized instruction (or any portion thereof) set forth [V.A.M.R. Rule 83.05(a); Brown v. Thomas, Mo.App., 316 S.W.2d 234, 237(9); Bartlett v. Hume-Sinclair Coal Mining Co., Mo.App., 351 S.W.2d 214, 217(5); Smith v. Aldridge, Mo.App., 356 S.W.2d 532, 539] or, for that matter, even identified by number or by designation of the page of the transcript where the instruction might be found, and we have not given effect to the holdings that generalized complaints of this character about instructions preserve and present nothing for appellate review. State ex rel. State Highway Com'n. v. Warner, Mo.App., 361 S.W.2d 159, and cases cited in note 5 thereto.

■ Adverting to the other prong of this forked point, to wit, "that the court erred in admitting evidence of life expectancy . . . without substantial evidence of permanency," it is true that, in a suit for personal injury, the propriety of receiving mortality tables in evidence usually depends upon whether the plaintiff has made a submissible showing of *permanent* injury. Peters v. Kansas City Rys. Co., 204 Mo.App. 197, 203, 224 S.W. 25, 28(7). See also Moore v. Ready Mixed Concrete Co., Mo. (banc), 329 S.W.2d 14, 27–28(13); Roderick v. St. Louis Southwestern Ry. Co., supra, 299 S.W.2d loc. cit. 429(5); Rucker v. Illinois Term. R. Co., 364 Mo. 804, 815, 268 S.W.2d 849, 854(2); Pierce v. New York Cent. R. Co., Mo., 257 S.W.2d 84, 88. But our review is under the overriding injunction that "(n)o appellate court shall reverse any judgment, unless it believes that error was committed by the trial court against the appellant, *materially affecting the merits of the action.*" (All emphasis herein is ours.) V.A.M.R. Rule 83.13(b); V.A.M.S. § 512.160(2). And again assuming (without deciding) that instant plaintiff did not make a submissible showing of *permanent* injury, we cannot believe that the error (if so) in admitting mortality tables materially affected the merits of the action, *particularly in view of the fact that defendant presents no point on appeal that the verdict for compensatory damages was excessive.* Accordingly, we do not extend this opinion by indulging in a tedious review of the medical testimony and by entering upon the unrewarding task of determining the sufficiency of the evidence to have permitted recovery of damages for *permanent* injury, that being an element which (as we have seen) was not submitted. Cf. Shannon v. People's Motorbus Co. of St. Louis, Mo.App., 20 S.W.2d 580, 582(3); Kolkmeyer v. Chicago & A. R. Co., 192 Mo.App. 188, 198, 182 S.W. 794, 798(8). Suffice it to say that plaintiff's evidence was to the effect that, as a result of the rear-end collision wholly

unanticipated by him, he had sustained a whiplash injury and a lumbar sprain; that, by reason of those injuries, he had been unable to work for five months at his employment as a truck driver; and that, regardless of whether plaintiff had any permanent injury, at the time of trial (more than eleven months after the date of accident) he still had bilateral muscle spasm, tenderness and pain (on flexion) in the lumbar area, his back still "bothered" him in his work, and driving long hours caused his neck to become "stiff and sore."

Defendant's second point is that the court erred in instructing the jury with respect to punitive damages "without defining alleged acts of defendant that were willful, wanton or reckless" and in failing "to advise jury that the award of punitive damages is discretionary." By the first paragraph of plaintiff's instruction 2, the court told the jury "that, if you find for plaintiff upon the first count of his petition, and further find and believe from the evidence that the acts mentioned in other instructions of this court, and upon which plaintiff's right of recovery depends, as contained in other instructions of this court, were done, if at all, willfully, maliciously and recklessly and in wanton disregard of the rights of plaintiff, then in addition to compensation for actual damages done, if any, you will allow the plaintiff such exemplary or punitive damages as you think proper under all of the evidence and circumstances of the case to impose as punishment." The quoted language appears to have been lifted verbatim from an instruction found in the opinion of the Kansas City Court of Appeals in Woolston v. Blythe, 214 Mo.App. 5, 21–22, 251 S.W. 145, 151 [quashed on other grounds by our Supreme Court sub nom. State ex rel. Blythe v. Trimble, 302 Mo. 699, 258 S.W. 1013], and copied in 2 Raymond on Missouri Instructions, § 4104, p. 208, an excellent work by a distinguished author. Without pursuing an inquiry into the matter, we may assume that, *as against the specific objections there interposed* [214 Mo.App. loc. cit. 22, 251 S.W. loc. cit. 151] *which did not include either of the two objections lodged against instant plaintiff's instruction 2*, the giving of the instruction (containing the above-quoted language) in Woolston, supra, did not constitute reversible error in that action for damages by reason of the alleged wrongful diversion of a watercourse. But, *in the circumstances of the case at bar and as against the two objections here presented*, we have no doubt but that instruction 2 was reversibly erroneous.

The general rule is that the jury should be instructed as to what acts or conduct of the defendant, if found to have been willful, malicious and wanton, would permit the assessment of punitive damages. Luikart v. Miller, Mo., 48 S.W.2d 867, 871; Pogue v. Rosegrant, Mo., 98 S.W.2d 528, 533; Zemlick v. A. B. C. Auto Sales & Inv. Co., Mo.App., 60 S.W.2d 649, 651; Clark v. Fairley, 30 Mo.App. 335, 339. This requirement is satisfied if, when read as a whole, the instructions "clearly instruct the jury on that subject and (do) not give the jury a roving commission to guess what acts or things are meant" [Byers Bros. Real Estate & Ins. Agency, Inc. v. Campbell, Mo.App., 353 S.W.2d 102, 107(15–17)]; and, of course, this is accomplished where plaintiff's instruction authorizing punitive damages implicitly predicates an award thereof upon an affirmative finding for plaintiff under a designated verdict-directing instruction which submits specific acts or conduct on the part of defendant. Cf. Shepherd v. Woodson, Mo., 328 S.W.2d 1, 9–10 (11); Eoff v. Senter, Mo.App., 317 S.W.2d 666, 672(9). See Rinehart v. Joe Simpkins, Inc., Mo.App., 240 S.W.2d 962, 968–969(6, 7).

However, we have no such situation here. True, instruction 2 is "fair on its face" in that it predicates an award of punitive damages upon findings (1) "for plaintiff upon the first count of his petition," (2) "that the acts mentioned in other instructions of this court, and upon which plaintiff's right of recovery depends, as contained in other instructions of this court,

were done," and (3) that such acts were done "willfully, maliciously and recklessly and in wanton disregard of the rights of plaintiff." But, examination of the "other instructions" reveals that the quoted requirements in instruction 2 necessarily must have been as utterly incomprehensible and confusing to the jurors as they are to us. This, for the compelling reason that, in instruction 1 (the only verdict-directing instruction on the first count for compensatory damages), the court bluntly told the jurors *"that defendant is guilty of negligence as a matter of law,* and therefore, if you find and believe from the evidence that the plaintiff, Ray Simmons, was injured as a direct and proximate result of the collision mentioned in evidence," compensatory damages should be awarded and certain elements might be considered in determining the amount thereof. So, plaintiff's recovery was predicated *only* upon a finding that he had been injured as a proximate result of the collision, and such recovery did not depend upon any "acts mentioned" either in instruction 1 or in any other instruction. In setting the jurors adrift on a sea of speculation and surmise with no guide as to what acts or conduct of the defendant, if found to have been willful, malicious and wanton, would warrant the assessment of punitive damages, instruction 2 was fatally defective and prejudicially erroneous, particularly so in view of the fact that evidence had been received concerning acts of the defendant over a considerable period of time (to wit, from 2:30 P.M. on October 7, the day before the accident, to October 20, twelve days after the accident) some of which would, while others would not, have justified or supported submission of the issue of punitive damages. Pogue, supra, 98 S.W.2d loc. cit. 533(13); Luikart, supra, 48 S.W.2d loc. cit. 871(11); Zemlick, supra, 60 S.W.2d loc. cit. 651(3); Clark, supra, 30 Mo.App. loc. cit. 339.

■ Instruction 2 also is vulnerable to the other appellate assault upon it, i. e., that it failed to advise the jurors that an award of punitive damages was discretionary.

Punitive damages are never allowable as a matter of legal right [Coats v. News Corp., 355 Mo. 778, 786, 197 S.W.2d 958, 963(11); Carmody v. St. Louis Transit Co., 122 Mo. App. 338, 349, 99 S.W. 495, 498]; "the giving or withholding of punitive damages, as well as the amount thereof, lies wholly within the discretion of the jury" [Grier v. Kansas City, C. C. & St. J. Ry. Co., 286 Mo. 523, 542, 228 S.W. 454, 460; Seested v. Post Printing & Pub. Co., 326 Mo. 559, 579, 31 S.W.2d 1045, 1054]; and therefore an instruction which, either expressly or in effect, directs the assessment of such damages in some amount is erroneous. Carson v. Smith, 133 Mo. 606, 616–617, 34 S.W. 855, 858(7); Nicholson v. Rogers, 129 Mo. 136, 141, 31 S.W. 260, 261; Ballew v. Thompson, Mo.App., 259 S.W. 856, 858(6); Bosch v. Miller, 136 Mo.App. 482, 492–493, 118 S.W. 506, 510; Johnston v. Wells, 112 Mo.App. 557, 87 S.W. 70(1); 15 Am.Jur., Damages, § 269, p. 705.

■■ Upon the findings hereinbefore quoted and discussed, instruction 2 directed the jurors "then in addition to compensation for actual damages done, if any, you *will allow* the plaintiff such exemplary or punitive damages as you think proper, etc." If the quoted language was not interpreted and understood by the jurors (as it reasonably might have been) as a mandatory direction to assess punitive damages in some amount, certainly it carried and conveyed mandatory connotations and implications. See particularly Geary v. St. Louis & S. F. R. Co., 173 Mo.App. 248, 158 S.W. 736. Consult also Carson, supra, 133 Mo. loc. cit. 616–617, 34 S.W. loc. cit. 858(7). Contrast Hussey v. Ellerman, Mo.App., 215 S.W.2d 38, 41(3), where the instruction "which submitted the issue of punitive damages, conformed to this rule (that the assessment of such damages must be left wholly to and within the discretion of the jurors) *by the use of the word 'may' instead of the word 'will.'* " And, as similarly recognizing the permissive connotations and implications of "may," see Byers Bros., supra, 353 S.W.2d loc. cit. 108(18); Eoff, supra, 317 S.W.2d

loc. cit. 672; and Patrick v. Employers Mut. Liab. Ins. Co., 233 Mo.App. 251, 265, 267, 118 S.W.2d 116, 125, 127. Note also that the instruction on punitive damages in Shepherd, supra, 328 S.W.2d loc. cit. 9, used *"may allow,"* and that, in Hall v. Martindale, Mo.App., 166 S.W.2d 594 (here cited in both briefs), instruction 2 advised the jurors that "you may award" punitive damages [166 S.W.2d loc. cit. 601] and instruction 6 was saved from the otherwise mandatory blight of "you will also allow" by addition of the qualifying clause "such punitive or exemplary damages on each count, *if any*, which you may deem proper." [166 S.W.2d loc. cit. 601, 608] We conclude that instant plaintiff's instruction 2 offended against the basic principle that, even in a situation where the imposition of punitive damages may be permissible and proper "principally as punishment of the wrongdoer and to deter others from committing like torts" [Carmody, supra, 122 Mo.App. loc. cit. 349, 99 S.W. loc. cit. 498], the granting or withholding thereof must be left wholly to and within the discretion of the triers of the facts. See again Geary and Carson, supra.

Because of the erroneous submission of that issue by instruction 2, plaintiff is not entitled to affirmance of the judgment as to punitive damages, but the error may be cured by remittitur. Pogue, supra, 98 S.W.2d loc. cit. 533; Zemlick, supra, 60 S.W.2d loc. cit. 651; Bosch, supra, 118 S.W. loc. cit. 510. Accordingly, if plaintiff will, within fifteen days from the date hereof, enter a written remittitur in this court in the sum of $1,000 (the punitive damages assessed), the judgment will stand affirmed for $5,000 (the compensatory damages awarded) as of the date on which judgment was entered in the trial court; otherwise, the judgment as to damages will be set aside and the cause will be remanded for a new trial upon the issue of damages only.

RUARK, P. J., and McDOWELL, J., concur.